## Brobst *against* Bright.

No statute limits the lien of a judgment in favor of the heirs of the debtor.

ERROR to the common pleas of *Berks* county.

David Bright against David Riddle, administrator of George M. Brobst, deceased, and Henry Brobst, Frederick Brobst and others, heirs of George M. Brobst, and terre-tenants of his lands. Case stated in the nature of a special verdict.

On the 8th day of September 1815, George Michael Brobst gave a bond to David Bright for 1000 dollars, conditioned for the payment of 500 dollars, on the first day of April 1816, with interest from the first of April 1815.

To November term 1819, No. 106, an action of debt was brought by the said David Bright against the said George Michael Brobst upon the above mentioned bond.    This suit was referred to arbitrators under the arbitration law of 1810.    On the 30th of October 1819, the arbitrators awarded for the plaintiff 517 dollars 50 cents.

On the 20th day of December, 1826, the said George Michael Brobst died intestate, seised of certain real estate which descended to his heirs, viz. Mary, the wife of David Riddle, Frederick Brobst, Margaret Brobst, Henry Brobst, Elizabeth Brobst, Catharine, the wife of Benjamin Stahle, and William Brobst, who are still tenants in common of the said real estate.

George M. Brobst was seised of said land at the date of the judgment, to wit: on the 30th of October 1819.

Several payments were made during the lifetime of the said George Michael Brobst; the last on the 24th of June 1825.

To April term 1839, No. 64, the above stated *scire facias* was issued against the administrator,&c., and the heirs and terre-tenants, as above stated.

The question upon the foregoing facts was, whether the plaintiff was entitled to judgment against the terre-tenants.

[Brobst v. Bright.]

The court below (Banks, president) gave judgment generally for the plaintiff *de terris*.

*Strong*, for plaintiff in error.
*Hoffman, contra*, cited 4 *Watts* 424.

Per Curiam.—The principle of this case is the same as the principle of Fetterman *v*. Murphy, which, except that the imaginary lien of a judgment against an executor or administrator was attempted to be put on a footing with the lien of a judgment against a debtor himself, was there sufficiently stated. No statute limits the lien of a judgment in favour of the heirs of the debtor; nor is there reason or necessity for it. After a reasonable time for the presentment of demands, it is proper to secure the heirs from secret debts, that they may improve their estates without risking the expenditure; but the propriety of it vanishes before a debt of record, and the plaintiff, here, was clearly entitled to execution of the land.

Judgment affirmed.