## Edwards's Appeal.

1. An auditor cannot declare a judgment on an amicable scire facias void and no lien, for want of a stamp on the agreement or for any other irregularity.

2. An irregular judgment may be reversed on error, but it is good until then.

3. An auditor can disregard a judgment only where it is void.

4. A scire facias on a judgment is not *original* process and does not require a stamp: It is but process to continue the lien.

5. A scire facias on a mortgage or a mechanic's lien is original process.

6. Whether Congress can subject judicial proceedings of the states to stamp duties, *quære?*

7. A judgment was entered against Edwards and Swiler, it was afterwards revived by amicable scire facias against Edwards alone. *Held*, that the lien of the original judgment was continued on Edwards's land.

May 21st 1870.   Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ.

Appeal from the decree of the Court of Common Pleas of *Dauphin county:* No. 32, to May Term 1870: In the distribution of the proceeds of the sheriff's sale of the real estate of John Edwards.

John Edwards being the owner of the real estate which produced the fund in controversy, judgment was entered on the 8th of June 1858, in favor of Emeline Lutz, against him and John Swiler, for $300.

On the 9th of April 1859, John Edwards made a mortgage to Harriet Shoemaker for $1727, which was recorded on the same day.   This mortgage was afterwards assigned to Jacob Mumma.

On the 6th of June 1863, an amicable scire facias to revive the judgment of Emeline Lutz was entered, between her as plaintiff and John Edwards as defendant; Swiler, the other defendant in the original judgment, was not included in the scire facias: the agreement to revive had no revenue stamp.   Subsequently, a number of judgments to a large amount were entered against Edwards.   His real estate was sold by the sheriff to F. K. Boas for $2635, which being brought into court, was referred to Robert Snodgrass, Esq., for distribution.

He reported that the judgment in the amicable scire facias, by reason of its being against Edwards alone, did not continue the original lien; that consequently the mortgage was the first lien

and the purchaser took the land subject to the mortgage. He therefore distributed the fund amongst the judgment-creditors.

The purchaser and the mortgagee excepted to the report, which was set aside by the court (Pearson, P. J.) and recommitted to the auditor, with instructions to distribute the fund to all the liens including the mortgage.

The auditor made a report in accordance with the instructions of the court excluding the later judgments. It was confirmed by the court, and distribution decreed accordingly. Edwards and the creditors excluded appealed to the Supreme Court and assigned for error the decree of the court.

*H. M. Graydon* (with whom were *R. A. Lamberton* and *Herman Alricks*), for appellants.—The agreement should have had a revenue stamp. The Acts of Congress requiring a stamp on " writs or other original process," &c., apply to an agreement for an amicable scire facias: Jones' Appeal, 12 P. F. Smith 324. A scire facias must pursue the original judgment : Panton *v.* Hall, 2 Salk. 598; Arrison *v.* Commonwealth, 1 Watts 374; Dougherty's Estate, 9 W. & S. 189 ; Grenell *v.* Sharp, 4 Whart. 344 ; Richter *v.* Cummings, 10 P. F. Smith 441.

*J. W. Awl*, for appellee, was stopped by the court.

The opinion of the court was delivered, May 26th 1870, by

THOMPSON, C. J.—The auditor had not power to go behind the judgment in the amicable scire facias, in the case of Emeline Lutz *v.* John Edwards, and declare it void and no lien for want of a stamp or on any other ground of irregularity. To have done so would have been to assume the power to review the action of the court; because, although entered by the prothonotary on the agreement of the parties, it stands nevertheless as to conclusiveness as the judgment of the court. A voidable judgment might be reversed on error, but is good until so reversed, and an auditor cannot inquire into it on the ground of irregularity. It is only when void that he may disregard it, because in that case it is incapable of giving or continuing a lien.

This might be sufficient as to the exception to the judgment for want of a stamp on the agreement to revive the judgment, but we also think that the views of the learned judge, and the authorities cited by him, very clearly show that a scire facias to revive a judgment is not within the stamp law. Stamping judicial process is, as the act declares, imposed on " writs, or other original process by which any suit is commenced." In our practice the authorities referred to by the learned judge, and others which might be cited, establish beyond a doubt that a scire facias to revive a judgment is not a writ for the commencement of an action. It is but a process to continue the lien of the judgment in the

original action. It is therefore not on the footing with a scire facias on a mortgage or mechanic's lien, and the like. They undoubtedly have been regarded in the light of original writs, and consequently may fall within the requisition of the Act of Congress, if indeed Congress may subject the judicial proceedings of the states to stamp duties, a question not presented in this case, nor about which we express any opinion one way or the other. On this ground therefore, as well as on the preceding, the auditor would have transcended his powers and been wrong if he had disregarded the judgment. The agreement was a substitute and the equivalent of a scire facias, Act of March 20th 1827, and if the scire facias, had it issued, did not require any stamp, neither did the agreement for the amicable revival of the judgment.

The judgment was confessed to Mrs. Lutz by Edwards alone. He was the owner of the property bound by the original judgment and on which the mortgage in question rested, and from which the money in court was made. The judgment so confessed was good against him, and sufficient to continue the lien, and nobody else could complain, and he does not. This is too clear for argument; consequently the learned judge below was entirely right in overruling the auditor, who held a contrary opinion on this point. Seeing no error in the record, the decree of the Common Pleas is affirmed and the appeal dismissed at the costs of the appellants.