# Worman's Appeal.

1. An amicable scire facias to revive a judgment, must identify that judgment with certainty.

2. A judgment entered upon an amicable scire facias to revive a judgment, which does not give the term and number of the original judgment, which erroneously gives the date of its entry " April 1st, 1874,", instead of " April 15th, 1874," and which makes a slight change in the spelling of the defendant's last name, will not continue the lien of the original judgment, as against subsequent lien creditors.

April 27th, 1885. Before MERCUR, C. J., GORDON, PAXSON, STERRETT, GREEN and CLARK, JJ. TRUNKEY, J., absent.

APPEAL from the Court of Common Pleas of *Bucks county :* Of July Term 1884, No. 127.

This was an appeal by Josiah Worman from a decree of said court, overruling his exceptions to the report of an Auditor (J. L. DuBois, Esq.,) appointed to make distribution of the balance in the hands of the assignee for benefit of creditors of William B. Reigle.

The facts, as they appeared before the Auditor, were as follows: The fund to be distributed arose from the sale of real estate. On that real estate were the following liens—Judgment in favor of Ann Trichler entered February 29th, 1876. Judgment in favor of Josiah Worman entered February 16th, 1878. Judgment in favor of Franklin Nice entered April 5th, 1879. This last judgment was entered on an amicable scire facias, which purported to be for revival of a judgment entered *April 1st,* 1874, against *William B. Reigle,* the assignor, but the term and number of the original judgment were not set out. There was no such judgment as the one thus described; but there was a judgment in favor of Franklin Nice against *William B. Reigel,* entered *April 15th,* 1874. The Auditor reported that the amicable sci. fa. was not effective to revive the said original Nice judgment, and ignored that judgment in his distribution.

Upon exceptions filed by Nice to the Auditor's report, the court, in an opinion by WATSON, P. J., held that the amicable scire facias, while not as carefully drawn, or as full as it ought to have been, sufficiently described the original judgment to identify it and continue its lien; the court therefore re-committed the matter to the Auditor, with instructions to report a schedule of distribution in conformity with the opinion of the court, which he did.

To the Auditor's second report of distribution, Worman filed exceptions, which came on for hearing before YERKES, P. J., who filed the following opinion and *pro forma* decree: . . . . . " The amended report is in conformity to the instructions contained in that opinion; and these exceptions have been filed, formally, in order that there may be a final decree in the proceedings. For these reasons, and because I do not think that under the circumstances I am required or ought to undertake to review the decision of my predecessor on the bench, I have declined to hear the argument of counsel upon these exceptions, but overrule them upon the authority of the opinion of this court, already filed by Judge WATSON.

"And now, June 9th, 1884, exceptions overruled and report of Auditor confirmed, and distribution is decreed in accordance therewith."

[Worman's Appeal.]

Worman thereupon took this appeal, assigning for error the said decree.

*George Ross*, L.L., N. C., and *J. D. James*, for appellant.— The original judgment was not a lien in that the name of the defendant was misspelled: Schumaker v. Schoen, 19 Pitts. L. J., 69; Heil's Ap., 4 Wright, 453. The judgment of revival must point to the original judgment exactly: Appeal of Fogelsville Building Asso., 8 Norris, 293; Arrison v. Commonwealth, 1 Watts, 374; Hood's Appeal, 1 Smith, 204; Mellon's Ap., 15 Norris, 475.

*Alfred Fackenthall*, for appellee.—No one could be misled as to the relation of the amicable scire facias in the case at bar. It is between the proper original parties and signed by them. It is for the same amount as the original judgment. It is an agreement to revive and continue the lien of an existing judgment, and contains a confession of judgment, which is entered on the proper judgment docket. It is properly docketed and correctly indexed; and the only defect is the clerical error of the scrivener in writing April 1st instead of April 15th. If the scrivener had omitted the date entirely, the amicable scire facias would have been sufficient to revive the lien, just as well as though the number of the original judgment—as it was—had been omitted. If, then, it is good without any date, the insertion of an incorrect one cannot of itself vitiate the revival, where the other requisites of identity are properly and sufficiently embodied in the agreement to revive.

Mr. Justice PAXSON delivered the opinion of the court, May 25th, 1885.

The learned Auditor held that the judgment of Franklin Nice v. William B. Reigel had not been properly revived, and postponed it in the distribution. Upon exceptions filed, the court below reversed this ruling and restored the judgment to its place on the list of liens. From this decision the present appeal was taken.

The revival was by amicable scire facias. It professed to revive a judgment of $500 entered April 1st, 1874. The term and number were not given. In point of fact there was no judgment of that date between the parties; there was a judgment for $500 entered on April 15th, 1874, and it was 'leged that it was this judgment that was intended to be revived. It is a familiar rule that a scire facias to revive must correctly recite the original judgment: Arrison v. The Com., 1 Watts, 374. The same principle is applicable to a revival by amica-

ble scire facias.   The judgment sought to be revived must be identified.   Was it identified in this instance?   Not, we think, with any certainty.   The term and number were not given. It is true it was between the same parties (with a slight error in the name of the defendant which is cured by the doctrine of *idem sonans*;) and is for the same amount, but the date of the judgment do. s not correspond.   There is no judgment of this date of April 1st, 1874.   It is said, however, that there was no other judgment between the same parties, and that for this reason no doubt can exist as to what judgment was intended.   If this point was regarded of any value, the fact should have been proved before the Auditor and so found by him.   For anything we can learn from this record, there may be one or more judgments between these parties for the same amount   If so, which of them was intended to be revived? We cannot assume facts which the parties have not thought of sufficient importance to prove.

But there is another difficulty in the way.   The Act of 29th of March, 1827, expressly requires that " when any judgment shall be revived by scire facias or otherwise, or when any execution shall issue in any case, a note thereof shall be made in the proper judgment docket in the place where the other entries in the case may have been made."   It was held in Mellon's Appeal, 15 Norris, 475, that the failure to note the amicable scire facias on the docket entry of the original judgment is fatal.   It is true we held in that case that this defect was cured, because the judgment confessed upon the scire facias was immediately entered in the judgment docket, and as the scire facias correctly recited the original judgment, such entry was constructive notice.   Here there was no entry of the agreement to revive upon the record of the judgment of April 15th, 1874, and as that judgment was not correctly recited in the amicable scire facias, there was nothing to connect them, and of course there could be no constructive notice.   " The judgment of revival must point to the original judgment:"   Appeal of Fogelsville L. & B. Association, 8 Norris, 293.

> The decree is reversed at the costs of the appellee, and it is ordered that distribution be made as reported by the auditor.