Robert J. Colenburg et al. *v.* Catharine S. Venter, Appellant.

[Marked to be reported.]

*Judgment—Decedent's debts—Lien—Scire facias—Act of February* 24, 1834, *sec.* 25, *P. L.* 80.

Under the act of February 24, 1834, sec. 25, P. L. 80, the lien of a judgment against a decedent at the time of his death as against his heirs and devisees, is without limit, and needs not to be revived every five years in order to be executed at any time on lands still held by them.

Argued Nov. 2, 1895. Appeal No. 211, Oct. T., 1895, by defendant, from judgment of C. P. Allegheny Co., Sept. T., 1895, No. 179, on case stated. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Case stated to determine the validity of title to real estate.

From the case stated it appeared that plaintiffs being all of the heirs at law of Sarah E. Drusadow, deceased, entered into an agreement with defendant for the sale of a lot of ground situate in the Fifth ward of the city of Allegheny for the sum of $1,500. Defendant refused to accept the deed when tendered, alleging that plaintiffs did not have a marketable title.

On February 24, 1871, judgment was entered against Sarah E. Drusadow, wife of Rudolph Drusadow, the then owner of the lot. On June 2, 1871, Sarah E. Drusadow died intestate, leaving to survive her the plaintiffs, her heirs at law.

The case stated continued as follows:

On September 2, 1881, at No. 476, September term, 1881, a scire facias, to revive and continue the lien of judgment at No. 185, March term, 1871, aforesaid, was brought by said John R. Large against Frances Colenburg, administratrix of the estate of Sarah E. Drusadow, deceased, and Rudolph Drusadow, to the first Monday of September, 1881, which was served September 5, 1881, on Frances Colenburg, administratrix, and returned nihil as to Rudolph Drusadow, and on September 19, 1881, judgment was entered against Sarah E. Drusadow's estate, in default sec. reg. for $2,062.22.

On November 7, 1881, a fi. fa. sur judgment at No. 476, September term, 1881, aforesaid, was issued by said John R. Large against said Frances Colenburg, administratrix of the estate of Sarah E. Drusadow, deceased, impleaded with Rudolph Drusadow, levy made November 7, 1881, on said real estate, and on December 8, 1881, inquisition and condemnation was had.

On January 31, 1882, said John R. Large issued a vend. ex. at No. 98 March term, 1882, sur fi. fa. at No. 76, December term, 1881, against said Frances Colenburg, administratrix of the estate of Sarah E. Drusadow, deceased, impleaded with Rudolph Drusadow, and on March 6, 1882, said premises was sold by the sheriff of said Allegheny county to John F. Large for the sum of $1,000, and William McCallin, sheriff of said county, acknowledged a deed on the 17th day of June, 1882, to said John F. Large for said property; which said deed is of record in the prothonotary's office in said county of Allegheny, in sheriff's deed book, vol. 4, page 449.

The plaintiffs now are, and have been, in possession of said premises since the death of said Sarah E. Drusadow, to wit: June 2, 1871.

The court entered judgment in favor of plaintiffs on the case stated. Defendant appealed.

*Error assigned* was entry of judgment for plaintiffs.

*Joseph Crown,* for appellant.—Though the lien of a judgment expire in the lifetime of the decedent, the record gives notice of the debt to all persons interested, and it remains unaffected by time, as to all volunteers, until the presumption of payment arises: Baxter v. Allen, 77 Pa. 468; Shearer v. Brinley, 76 Pa. 300; Aurand's App., 34 Pa. 151; Horner & Roberts v. Hasbrouck, 41 Pa. 169; Wells v. Baird, 3 Pa. 351.

A judgment after five years loses its lien on real estate only as against other lien creditors or purchasers; as respects the defendant against whom the judgment was personally obtained, its lien continues after the expiration of five years as before: McCahan v. Elliott, 103 Pa. 634; Brown's App., 91 Pa. 485.

A judgment entered against a defendant in his lifetime may be revived after his death, for purposes of lien and execution,

by scire facias against his administrator alone, and it is unnecessary to bring in the widow and heirs, or devisees, under section 34, act of February 24, 1834, P. L. 80: Grover et al. v. Boon, 124 Pa. 399; Middleton v. Middleton, 106 Pa. 252; Shannon v. Newton, 132 Pa. 375; Wallace v. Holmes, 40 Pa. 427; Diese v. Fackler, 58 Pa. 109; Burton v. Fulton, 49 Pa. 151.

A doubtful title which exposes the holder of it to litigation is not marketable, and the rule in equity is that the purchaser will not be compelled to accept it: Wood v. Holmes, 168 Pa. 530; Nicol v. Carr, 35 Pa. 381; Swayne v. Lyon, 67 Pa. 436; Doebler's App., 64 Pa. 9; Freetly v. Barnhart, 51 Pa. 279; Swain v. Fidelity Insurance Co., 54 Pa. 455; Swisshelm's App., 56 Pa. 475; Hollenbaugh v. Morrison, 9 Watts, 408; Elliott v. Tyler, 5 Central Reports, 543; Colwell v. Hamilton, 10 W. 423; Speakman v. Forepaugh, 44 Pa. 363; Ludwick v. Hautzinger, 5 W. & S. 51; Bumberger v. Clippinger, 5 W. & S. 311; Moroney v. Townsend, 5 Phila. 35; Dalzell v. Crawford, 1 Parsons, 37; Kelly & Timoney's Estate, 2 W. N. C. 431; Mitchell v. Steinmetz, 97 Pa. 251.

*George D. Riddle, Edmund B. Patterson* with him, for appellees.—In order to revive and continue the lien of a judgment obtained against a decedent in his lifetime, and to bind the estate in the hands of his widow and heirs, a scire facias, bringing in his representative, must be issued within five years from his death, and a scire facias with notice to the widow and heirs within ten years: McMurray v. Hopper, 43 Pa. 473; Allen v. Krips, 119 Pa. 1; Hope v. Marshall, 96 Pa. 395.

OPINION BY MR. CHIEF JUSTICE STERRETT, January 6, 1896:

The facts agreed upon in this case stated bring it within the provisions of the act of February 24, 1834, section 25, which declares:

"All judgments, which at the time of the death of a decedent shall be a lien on his real estate, shall continue to bind such real estate during the term of five years from his death, although such judgments be not revived by scire facias or otherwise after his death; and such judgments shall, during such term, rank according to their priority at the time of such death; and after

the expiration of such term, such judgments shall not continue a lien on the real estate of such decedent, as against a bona fide purchaser, mortgagee or other judgment creditor of such decedent, unless revived by scire facias or otherwise according to the laws regulating the revival of judgments." Purd. 593, pl. 118.

The judgment in favor of John R. Large, Esq., against Mrs. Drusadow, the then owner of the lot in question, was entered in her lifetime, February 24, 1871, and on June 2d following she died intestate, seized of said lot, leaving to survive her a husband, since deceased, and heirs at law, plaintiffs in this action, who have ever since been in possession of the premises. More than ten years after Mrs. Drusadow's death, a scire facias to revive and continue the lien of the Large judgment was issued against her administratrix and judgment by default was entered sec. reg. September 9, 1881. Under a fieri facias issued on this revived judgment the lot in question was levied on, condemned and afterwards sold on a venditioni exponas, and in June, 1882, conveyed by the sheriff to John F. Large, whose deed was duly recorded. There is no question as to any other intervening purchaser, mortgagee or creditor of said decedent or any of her heirs. It does not appear that there are or were any.

In Shearer v. Brinley, 76 Pa. 300, Mr. Justice SHARSWOOD, after reviewing the statutes and decisions bearing on the subject, concludes thus: "It is accordingly well established that the lien of a judgment against a decedent at the time of his death, as against his heirs and devisees, is without limit and needs not to be revived every five years, in order to be executed at any time on lands still held by them;" and he cites in support thereof: Fetterman v. Murphy, 4 Watts, 424; Brobst v. Bright, 8 Watts, 124; Wells v. Baird, 3 Pa. 351; Konigmaker v. Brown, 14 Pa. 269; Aurand's Appeal, 34 Pa. 151; Bindley's Appeal, 69 Pa. 295.

In Aurand's Appeal, supra, it was held that the lien of a judgment, though not revived by scire facias within five years, continues against the lands of the debtor in the hands of his heirs or devisees, and is entitled to priority of payment over the general creditors of the debtor who had not obtained judgments against him in his lifetime; that the act of April 4, 1798, restrained the lien of a judgment to a period of seven (now

two) years, only in favor of purchasers from the debtor and judgment creditors in his lifetime, but left it without limit against every one else.

Again in Baxter v. Allen, 77 Pa. 468, it was held that a judgment of record at the time of the defendant's death, though not then a lien on his land, is not a debt whose lien is limited to five years from his decease, unless suit be brought according to the 24th section of the act of February, 1834. In such cases suit is unnecessary because the debt is already in judgment. As to all volunteers it remains unaffected by the lapse of time, until the presumption of payment arises. Heirs and devisees are regarded as mere volunteers : Shannon v. Newton, 132 Pa. 375.

To the same effect are Middleton's Ex'rs v. Middleton, 106 Pa. 252, and other cases ; but enough has been said to show that the judgment originally obtained against plaintiffs' ancestor, Mrs. Drusadow, in her lifetime, had not lost its lien on the lot in question, and that it was unnecessary to bring in her heirs by scire facias, as it would have been had there been no judgment against Mrs. Drusadow in her lifetime. Upon the facts as presented, the defendant should not be required to accept the title that plaintiffs offer to give her. To say the least it is not marketable.

Judgment reversed, and judgment is now entered here on the case stated in favor of the defendant.