## Ziegler v. Schall, Appellant.

*Judgment—Lien—Decedent's estates—Heirs and devisees.*

The lien of a judgment obtained during the life of a decedent continues indefinitely as against his heirs and devisees, although its priority may be lost as to other judgments against the decedent by the lapse of more than five years between two revivals, or as to mortgagees or judgment creditors of devisees by the failure at a revival to give notice to them, as provided by the Act of June 18, 1895, P. L. 197. A mere assignment of the interests of devisees as security for judgments confessed by them will not end the lien of the judgment against the decedent, so as to deprive the orphans' court of jurisdiction to sell the land for the payment of decedent's debts.

Argued May 18, 1904. Appeal, No. 125, Jan. T., 1904, by defendant, from order of C. P. York Co., April T., 1904, No. 101, entering judgment for plaintiff, on case stated in suit of Edward D. Ziegler, Administrator of Albert H. Kottcamp, deceased, v. John Schall. Before MITCHELL, C. J., DEAN, FELL, POTTER and THOMPSON, JJ. Affirmed.

Case stated to determine title to real estate. Before BITTENGER, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the judgment of the court.

*Richard E. Cochran* and *Smyser Williams*, for appellant.— The title to the property depends upon the existence of the lien of the judgment against the decedent upon the real estate of which he died seized at the time of the granting of the order to sell, for the court has no jurisdiction to authorize a sale for the payment of debts which have lost their lien: Pry's Appeal, 8 Watts, 253 ; Smith v. Wildman, 194 Pa. 294.

An assignment is defined to be a transfer or making over to another of the whole of any property, real or personal, in possession or in action, or of any estate or right therein : Lemon v. Graham, 131 Pa. 447.

*Edward D. Ziegler, E. Dean Ziegler* and *Ross & Brenneman*, for appellee.—A judgment entered against a defendant in his lifetime may be revived, after his death, for the purpose of lien and execution by scire facias against his administrators alone, and it is unnecessary to bring in the widow and heirs or devisees under the Act of February 24, 1834, sec. 34, P. L. 70, nor is such proceedings necessary under Act of June 1, 1887, P. L. 289 : Middleton v. Middleton, 106 Pa. 252 ; Grover v. Boon, 124 Pa. 399 ; Specht v. Sipe, 15 Pa. Superior Ct. 207 ; Chahoon v. Hollenback, 16 Serg. & Rawle, 425.

It is also settled law that the heirs and devisees of a decedent or testator are mere volunteers, and take but what is left of their ancestor's or testator's estate after the debts are paid : Horner v. Hasbrouck, 41 Pa. 169 ; Appeal of Nichols, 128 Pa. 428 ; Shannon v. Newton, 132 Pa. 375 ; Smith v. Seaton, 117 Pa. 382 ; Specht v. Sipe, 15 Pa. Superior Ct. 207 ; DeWitt v. Lehigh Valley R. R. Co., 21 Pa. Superior Ct. 10.

Under the act of 1834 the lien of a judgment against the decedent at the time of his death as against heirs and devisees is without limit, and needs not to be revived every five years in order to be executed at any time on lands still held by them : Fetterman v. Murphy, 4 Watts, 424 ; Brobst v. Bright, 8 Watts, 124 ; Wells v. Baird, 3 Pa. 351 ; Konigmaker v. Brown, 14 Pa. 269 ; Bindley's Appeal, 69 Pa. 295 ; Shearer v. Brinley, 76 Pa. 300 ; Aurand's Appeal, 34 Pa. 151 ; Colenburg v. Venter, 173 Pa. 113.

OPINION BY MR. JUSTICE FELL, June 15, 1904 :

This appeal is from a judgment in a case stated to determine the validity of the title to land sold at an orphans' court sale for the payment of debts. The only question to be considered is whether the debt of the decedent, for the payment of which the sale was ordered, was a lien on the land sold.

The decedent devised his real estate to his wife for life with remainder to his children. At his death, February 21, 1885,

there was a judgment against him which was a lien on his real estate. This judgment was revived February 11, 1890; a second time April 6, 1895, and a third time April 4, 1900. Each of these revivals was by amicable scire facias to which the executors only were parties. In 1892 and 1894 judgments by confession were entered against all of the devisees, and they all assigned their interests in the real and personal estate of the decedent as collateral securities for the payment of the judgments. These judgments were revived, and were liens against whatever estate in the realty the devisees had when the sale was ordered.

The question of priority of liens is not before us and can arise only on distribution. If the lien of the judgment against the decedent continued, the orphans' court had jurisdiction to order the sale, and the deed tendered the defendant will pass a valid title. That the lien did continue has been settled beyond all doubt, unless there was an alienation of the land by the devisees. Its priority might be lost as to other judgments for debts of the decedent, if there were any, by the lapse of more than five years between the first and second revivals, or as to mortgagees and judgment creditors of the devisees by the failure at the third revival to give notice to them, as provided by the act of June 18, 1895, but its existence as a lien continued. The lien of a judgment obtained during the life of a decedent continues indefinitely as against his heirs and devisees : Konigmaker v. Brown, 14 Pa. 269; Aurand's Appeal, 34 Pa. 151; Bindley's Appeal, 69 Pa. 295 ; Shearer v. Brinley, 76 Pa. 300; Shannon v. Newton, 132 Pa. 375 ; Colenburg v. Venter, 173 Pa. 113. The assignees of the interests of the devisees were not bona fide purchasers, but at the most only mortgagees. Words necessary to convey a fee were not used, and the clearly expressed intention was to assign the interests as security for the judgments confessed.

The judgment is affirmed.