## Meyer to use *v.* Safe Deposit & Trust Company of Pittsburg, Appellant.

*Judgment—Lien—Scire facias to revive—Bona fide purchaser—Decedents' estates.*

1. Where a widow takes a deed from her children for their interest in land of which her husband, their father, died seized, for the consideration of "one dollar and other good and valuable consideration," subject to the lien of mortgages, judgments and municipal liens, aggregating more than the value of the land, the widow is not a bona fide purchaser as against a judgment creditor and such creditor may revive his judgment notwithstanding the deed, although more than five years had elapsed since the entry of judgment.

2. A judgment recovered against a decedent in his lifetime after his death continues a lien on his real estate indefinitely as against his heirs and devisees.

Argued Oct. 24, 1910. Appeal, No. 76, Oct. T., 1910, by defendants, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1906, No. 706, on verdict for plaintiff in case of William Meyer for use of Elias Kauffeld, now for use of the Fidelity Title & Trust Company and William Meyer v. The Safe Deposit & Trust Company of Pittsburg, Administrator de bonis non of Henry Meyer, deceased et al. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Scire facias to revive judgment.

At the trial the jury returned a verdict for plaintiff for $3,341.19.

On motion for judgment non obstante veredicto, FRAZER, P. J., filed the following opinion:

The scire facias in this case was issued November 27, 1905, to revive the lien of a judgment entered February 4, 1895, at No. 154, April Term, 1895, D. S. B., against Henry Meyer, who subsequently died September 24, 1897, leaving to survive him his widow, Wilhelmina

Meyer, and several sons and daughters. Letters of administration upon the estate of Henry Meyer were issued to his widow, Wilhelmina Meyer, May 24, 1898. On December 21, 1897, the sons and daughters of Henry Meyer conveyed to their mother the real estate owned by their father at the time of his death.

Wilhelmina Meyer died February 14, 1903, leaving a last will and testament by which she devised the property formerly belonging to her husband, to her sons and daughters who had previously conveyed the same to her. These sons and daughters subsequently made partition of the property. At the trial it was claimed by defendants that Wilhelmina Meyer was a bona fide purchaser for value and that the judgment at No. 154, April Term, 1895, D. S. B., not having been revived within five years had lost its lien upon the property formerly owned by Henry Meyer and could not now be revived as a lien against the same.

It was agreed by counsel that the question involved was one of law to be determined by the court. We thereupon directed a verdict in favor of plaintiff. Subsequently these motions for judgment non obstante veredicto and for a new trial were made by defendants. The original judgment in this case was obtained during the lifetime of Henry Meyer and continued a lien against his property indefinitely as against his heirs and devisees: Ziegler v. Schall, 209 Pa. 526. Consequently, unless Wilhelmina Meyer was a bona fide purchaser of the property of her husband from her children, plaintiff is entitled to recover and judgment must be entered in his favor on the verdict. A bona fide purchaser is one who buys property without notice that another party is interested therein and pays a full and fair price for the same. The deed to Wilhelmina Meyer was made to her by her children within three months after her husband's death; by a clause inserted therein she took the property "subject nevertheless to the lien of all judgments and mortgages given by Henry Meyer in his lifetime, and any municipal liens for taxes

assessed," the consideration expressed being "One dollar and other good and lawful consideration." At the trial it was admitted that the value of the property was between $7,500 and $8,000, and that the mortgages and judgments against it aggregated $12,854.83. In addition thereto there was due and unpaid city and county taxes assessed against the property amounting to $277.69; the funeral expenses of Henry Meyer amounting to $228 also remained unpaid. Mrs. Meyer had notice of all these debts when she received the deed for the property, and subsequently paid some portion of the indebtedness of her husband. Under these circumstances was Mrs. Meyer a bona fide purchaser for value? We think not. It seems to us the deed from her children to her was more in the nature of a gift than a purchase by her of the property: Lynch's Est., 220 Pa. 14.

The consideration stated was merely nominal and imposed upon Mrs. Meyer no obligation to assume and pay the debts of her husband or any portion of them. There was no such covenant upon her part. If we are correct in this view of the law, Wilhelmina Meyer was not a bona fide purchaser for value and the lien of the judgment at No. 154, April Term, 1895, D. S. B., continues and judgment should be entered on the verdict in favor of plaintiff.

And now, to wit, February 11, 1910, judgment for defendant non obstante veredicto and motion for a new trial refused, and it is ordered that judgment be entered on the verdict in favor of plaintiff on payment of verdict fee. To which order defendants except and at their instance bill sealed.

*Error assigned* was in overruling motion for judgment for defendant non obstante veredicto.

*J. McF. Carpenter,* with him *George N. Chalfant,* for appellants, cited: Nippes's App., 75 Pa. 472; Haak's App., 100 Pa. 59; Hemphill v. Carpenter, 6 Watts, 22; Byrod's App., 31 Pa. 241; Rhoads's App., 11 W. N. C. 276; Uhler

v. Moses, 200 Pa. 498; Sherrard v. Johnston, 193 Pa. 166; Reehling v. Byers, 9 W. N. C. 359.

*Morton Hunter*, for appellee.

PER CURIAM, January 3, 1911:
The judgment is affirmed on Judge FRAZER'S opinion.