## State Tax on Writs.

*Taxation — Writs — Sci. fa. to revive — Liens on premiums due to State Workmen's Insurance Fund—Acts of April 6, 1830, and June 2, 1915.*

1. Neither the writ to revive a judgment nor the judgment entered thereon is subject to the State tax imposed by the Act of April 6, 1830, P. L. 272.

2. The lien filed in the prothonotary's office for a premium due the State Workmen's Insurance Fund by a subscriber under the Acts of June 2, 1915, P. L. 762, and June 15, 1911, P. L. 955, is not taxable under the Act of April 6, 1830, P. L. 272.

Department of Justice. Opinion to Hon. Edward Martin, Auditor General.

CAMPBELL, 1st Dep. Att'y-Gen., Dec. 30, 1926.—This department is in receipt of your request for an opinion as to whether or not the State tax on writs provided for in section 3 of the Act of April 6, 1830, P. L. 272, is due:

1. In case of revival of a judgment on a *scire facias*, either amicable or adverse.

2. Upon the filing in the prothonotary's office of liens for unpaid premiums due the State Workmen's Insurance Fund by its subscribers, under the provisions of section 18 of the Act of June 2, 1915, P. L. 762-766.

Section 3 of the said Act of 1830 provides: "That the prothonotary of the Courts of Common Pleas . . . shall demand and receive on every original writ issued out of said courts (except the writ of *habeas corpus*), and on the entry of every amicable action, the sum of fifty cents; on every writ of *certiorari* issued to remove the proceedings of a justice or justices of the peace or alderman, the sum of fifty cents; on every entry of a judgment by confession or otherwise, where suit has not been previously commenced, the sum of fifty cents; and on every transcript of a judgment of a justice of the peace or alderman, the sum of twenty-five cents."

1. Tax on revival of a judgment upon a writ of *scire facias.*

Deputy Attorney-General Hargest, in an opinion to the Auditor General dated June 27, 1916, reported in 45 Pa. C. C. Reps. 108, held that a *scire facias* to revive a judgment is not an original writ within the meaning of the above quoted section of the Act of 1830 and is not taxable.

That opinion is supported by citations of authorities from other jurisdictions, to which may be added our own cases of Edwards's Appeal, 66 Pa. 89, 90, in which it is held that the writ of *scire facias* to revive a judgment is not original process requiring a revenue stamp, and of Henry v. Heilman, 114 Pa. 499, where it is held that such writ is not an original action.

The opinion of Judge Hargest has never been overruled or set aside, and we are in complete accord with its conclusions, and we understand that it has been followed throughout the Commonwealth.

The question, however, has arisen as to whether or not this tax is due on the entry of judgment on an amicable *scire facias* to revive and continue the lien of a judgment. This question, while not specifically covered by Judge Hargest's opinion, seems to be governed by it, and it appears the general practice over the Commonwealth has been not to assess the State tax on judgments so entered.

The clear intent of section 3 of the Act of 1830 is that the State tax shall be paid on every proceeding in the Common Pleas Court, except *habeas corpus*, but that the tax shall be paid but once on each such proceeding.

After providing for the tax on proceedings commenced by the issuance of an original writ, by amicable action or by writ of *certiorari* to a justice of the peace or alderman, it provides for its assessment on those proceedings which are commenced by the entry of a judgment, *i. e.*, on a transcript of a judgment of a justice of the peace or alderman, and on the "entry of a judgment by confession or otherwise *where suit has not been previously commenced.*"

The *scire facias* to revive a judgment is not an original or new proceeding, but a continuation of a pending suit.

Prior to the passage of the Act of April 4, 1798, 3 Sm. Laws, 331, a judgment was a perpetual lien upon real estate. That act is one of limitation as to the lien, providing that a judgment not revived by *scire facias* within five years from its date ceases to be a lien upon real estate (Mellon's Appeal, 96 Pa. 475, 477-8), but the lien of a judgment obtained during the life of a decedent continues indefinitely as against his heirs and devisees: Collins v. Philadelphia, 236 Pa. 386, 392; Aurand's Appeal, 34 Pa. 151; Shearer v. Brinley, 76 Pa. 300; McCahan v. Elliott, 103 Pa. 634.

"It (amicable *scire facias* to revive a judgment) is but a process to continue the lien of the judgment in the original action:" Edwards's Appeal, 66 Pa. 89, 90.

"The *scire facias* is a proceeding upon the judgment as such; the purpose of a writ of *scire facias*, upon a judgment is either to remove [revive] it, the defendant being required by the terms of the writ to show cause why execution ought not to issue, or to make some third person a party thereto and chargeable therewith, as terre-tenant or otherwise, who was not a party to the original suit; in either case, however, the purpose of the writ is simply to continue a former suit to execution. It is, therefore, not an original action, but the continuation of a pending suit, and the specific cause of action is the judgment:" Murphy v. Crawford, 114 Pa. 49.

So far as the question under discussion is concerned, there is no distinction between the proceedings on an amicable *scire facias sur* judgment and that

on an adverse *scire facias sur* judgment: Worman's Appeal, 110 Pa. 25; Edwards's Appeal, 66 Pa. 89, 90.

Upon the revival of a judgment upon *scire facias,* including an amicable *scire facias,* a note thereof must be made on the record of the original judgment, under the provisions of the Act of March 29, 1827, 9 Sm. Laws, 319: Mellon's Appeal, 96 Pa. 475.

We are of opinion, then, that the entry of a judgment on a *scire facias* to revive and continue the lien of a judgment is not the "entry of a judgment . . . where suit has not been previously commenced," but is the continuation of a pending suit and constitutes the entry of a judgment *where suit has been previously commenced,* and is, therefore, exempt from the tax under the specific terms of section 3 of the Act of 1830.

You are, therefore, advised that neither the *scire facias* to revive a judgment nor the judgment entered thereon, whether the proceedings be adverse or amicable, is taxable under the Act of April 6, 1830.

2. Tax on lien filed for premium due the State Workmen's Insurance Fund.

Section 18 of the Act of June 2, 1915, P. L. 762, 766, creating the State Workmen's Insurance Fund, provides that at a time specified each subscriber to that fund shall submit his pay-roll for the preceding year to the Workmen's Insurance Board, which board shall thereupon "state the account of such subscriber for such calendar year . . . and shall render a copy of such statement to the subscriber; . . . and if the amount shown by said statement exceed the amount of the premium theretofore paid by such subscriber, the excess shall be forthwith due and payable by the subscriber into the fund and, until paid, shall be a lien, as State taxes are a lien, upon the real and personal property of the subscriber; and, if unpaid, shall be collectible as State taxes are now collectible. . . ."

Section 2 of the Act of June 15, 1911, P. L. 955, provides: "The Auditor General may at any time transmit to the prothonotaries of the respective counties of the Commonwealth, to be by them entered of record, certified copies of all liens for State taxes, unpaid bonus, interest and penalties which may now exist or hereafter arise by virtue of any law of this Commonwealth; upon which record it shall be lawful for writs of *scire facias* to issue, and be prosecuted to judgment and execution, in the same manner as such writs are ordinarily employed."

It is under the provisions of section 2 of the Act of 1911 that the premiums, determined to be due under section 18 of the Act of 1915, are filed as liens in the prothonotary's office.

We think that such statement so filed does not constitute an "original writ issued out of said court" an "amicable action" or the "entry of a judgment by confession or otherwise" under the provisions of the Act of 1830, and that it is, therefore, not taxable.

It is not a writ or process to compel the appearance or bring the party into court or to require the defendant to do something therein mentioned, nor is it the first process or initiatory step taken in prosecuting a suit (Opinions Deputy Attorney-General Hargest, 37 Pa. C. C. Reps. 522, 525, 19 D. R. 882, and 45 Pa. C. C. Reps. 108,109) ; these functions are performed by the writ of *scire facias* issued upon such record, the issuance of which is provided for in the Act of 1911; it does not call for an answer nor may a plea be entered thereto.

Such a statement of account is in no sense an amicable action nor is it a judgment. The fact that it is indexed "in the judgment index does not make it a judgment in the accepted sense of the term or within the meaning of the

Act of 1830." (Opinion of First Deputy Attorney-General Keller, 45 Pa. C. C. Reps. 92, 93; 26 Dist. R. 98.)

It is to be classed with mechanics' and municipal liens and the recording of conditional sales contracts, which, when filed in the prothonotary's office, have been held not taxable under section 3 of the Act of 1830. (Opinion of Deputy Attorney-General Cunningham, Opinions of the Attorney-General, 1907-08, pages 85, 86, and opinion of First Deputy Attorney-General Keller, 45 Pa. C. C. Reps. 92; 26 Dist. R. 98.)

On liens of such character, the *scire facias*, when issued thereon, constitutes the original writ which is taxable: Edwards's Appeal, 66 Pa. 89, 91; United States *v.* Payne, 147 U. S. 687-690; opinion of Deputy Attorney-General Hargest, 37 Pa. C. C. Reps. 522, 525, 19 Dist. R. 882, citing opinion of Attorney-General McCormick.

You are, therefore, advised that the lien filed in the prothonotary's office for premium due the State Workmen's Insurance Fund by its subscriber under the provisions of section 18 of the Act of June 2, 1915, P. L. 762, 766, and of section 2 of the Act of June 15, 1911, P. L. 955, is not taxable under the Act of April 6, 1830.

From C. P. Adams, Harrisburg, Pa.