Shareff, to use, (Horn, Appellant) *v.* Wolf et al.

Argued October 10, 1935.

Before KELLER, P. J., BALD-
RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*J. Joseph Stratton,* for appellant.

*Philip S. Resnikov,* with him *David I. Burstein,* for appellee.

OPINION BY BALDRIGE, J., December 18, 1935:

On December 4, 1923, Reuben Shareff entered judgment against Abraham Shareff, in the sum of $1,200, on a note of the same date. The judgment was later assigned to the present use-plaintiff, Elizabeth Horn. The debtor died November 9, 1925, seized of real estate, leaving a will, wherein he appointed Milton Wolf and Joseph C. Shareff executors and trustees, and left to survive him a widow, Rose Shareff, who, as a legatee and devisee, was joined herein as one of the defendants.

On August 8, 1934, eight years and three months after the death of Shareff, the use-plaintiff caused a writ of scire facias to be issued against the defendants, to which no defense was made, and judgment was entered by default. Thereafter, Rose Shareff obtained a rule on the use-plaintiff to show cause why the scire facias to revive judgment should not be stricken off, for the reason that it was filed more than five years after the death of the judgment debtor. The court below, after argument, made the rule absolute. The use-plaintiff appealed.

Section 15 (g) of the Fiduciaries Act of June 7, 1917, P. L. 447 (20 PS §527), provides that all judgments against a decedent shall continue to bind the real estate during the term of five years from his death, "and, after the expiration of such term, said judgments shall not continue liens on the real estate of such decedent, unless revived by scire facias, or otherwise, according to the laws regulating the revival of judgments." This language is precisely the same as in section 3 of the Act

of May 3, 1909, P. L. 386, which was a distinct departure from the law, as, prior thereto, a lien of judgment obtained against a decedent in his lifetime continued indefinitely as against his heirs and devisees: Ziegler v. Schall, 209 Pa. 526, 58 A. 912; Meyer v. Safe Dep. & Trust Co., 230 Pa. 106, 79 A. 249.

The appellant's attack on the constitutionality of the Act of 1917, on the ground of insufficiency of title, merits little consideration, as we think the title, which reads, in part, as follows: "AN ACT Relating to ...... debts of decedents ...... judgments and execution therefor, and ...... the lien thereof," is clearly sufficient to notify an inquiring mind of the provisions of section 15 (g). In Williamsburg v. Bottenfield, 90 Pa. Super. Ct. 203, we stated that a general act consolidating many statutes and covering a broad subject of legislation is not required in its title to refer to all other subjects collaterally affected.

The appellant argues that the words "shall not continue liens" do not prevent a revival, or the reacquisition by revival, of the lien of a judgment dating from the issuance of the revival; that if the legislative intent had been to restrict such proceedings to a period within five years after death, and prohibit further revival against the heirs or devisees, the word "theretofore" should have been inserted between the words "unless" and "revived," so that the act would read: "said judgments shall not continue liens on the real estate of such decedent, unless *theretofore* revived by scire facias, or otherwise." The statute does not state that it prohibits a revival of a judgment, but it does say that after the expiration of five years, a judgment shall not continue to be a lien unless revived by a sci. fa. The import of this language is that unless revival proceedings are instituted within that term, the lien of a judgment is irretrievably lost. A subsequent revival does not restore the lien of the judgment. The legislature evidently con-

cluded to change the law that gave a judgment creditor an indefinite lien as to time against the heirs and devisees of a debtor, and considered that five years was a reasonable period within which a holder of a judgment lien should revive it.

In Brubaker's Est., 59 Pa. Superior Ct. 109, a judgment was obtained against Anna Barbara Brubaker in her lifetime, and the last revival was entered March 27, 1903. She died March 25, 1906. In 1912, the real estate of the decedent was sold. The court held that section 3 of the Act of 1909 was not retroactive and therefore did not affect the continuance of the lien of the judgment against the heirs of decedent. We clearly indicated that, had the question arisen subsequent to the Act of 1909, the lien of the judgment would have been destroyed at the termination of the five-year-period. This case was cited in Rankin v. Rinehart, 66 Pa. Superior Ct. 385, where a judgment was entered against Rinehart in 1903 and became a lien on his real estate. Rinehart conveyed certain real estate to George Barnes in 1905. Judgment was revived May 22, 1928, against Rinehart as defendant and against Barnes at terre-tenant. Barnes died September 21, 1908. In 1915, an amicable scire facias signed by the executor of his estate was filed. A fi. fa. was issued and the widow of Barnes then petitioned the court to stay the fi. fa. and set aside a levy, on the ground that the sci. fa. to revive judgment to continue the lien was filed after the five-year-period provided by the Act of 1909. We held that under the Act of 1909, the lien of the judgment was lost. True, Barnes was a terre-tenant, but we think the purpose of the legislature was not to limit its provisions to terre-tenants; it is also applicable to heirs and devisees. No distinction is attempted to be made, and none apparently was intended.

Our judgment is that the court below erred, however, in striking off the sci. fa., instead of holding that the

decedent's real estate was discharged from the lien of the judgment. There is no provision in the act for striking off a sci. fa. to revive. It simply states, as above noted, that the judgment shall not continue to be a lien on the real estate of decedent. That is what was held in the Rankin case, supra (66 Pa. Superior Ct. 385, 395), where we said: "......, its bar [Act of 1909] has destroyed the lien of the judgment in question." The judgment remains, and, as it is not twenty years of age, it is still presumed to be due and unpaid. Its only disability or limitation is that it is not, and can not be made, a lien upon any real estate. From a practical standpoint, that may make it quite impotent, but it is none the less a judgment which may be revived: Shotts & Co. v. Agnew and Barnett, 81 Pa. Superior Ct. 458. No statute or appellate court decision has come to our knowledge warranting us in cutting down the scire facias. We think, therefore, that the court should not have stricken the sci. fa. off the record, but should have held that the effect of a revival was not to create a lien on real estate. Although the petitioner did not so pray, the court had, within its inherent power, the right to so order.

The court's order is directed to be modified in accordance with the views herein expressed, and, as thus modified, it is affirmed at appellant's costs.