## Frank Di Berardino Building and Loan Association, Appellant, v. De Gregoria et ux.

Argued December 12, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Pershing N. Calabro,* with him *Robert M. Sebastian,* for appellant.

*Madison S. DuBois,* with him *James R. Wilson* and *James Neumann Lafferty,* for appellee.

OPINION BY HIRT, J., January 18, 1946:

Carmine De Gregoria was the sole owner in fee of a lot in Philadelphia on May 22, 1935, when judgment was entered by plaintiff against him and Nobile De Gregoria, his wife. This judgment, in the sum of $372 by confession on their note, was a lien on the land of Carmine De Gregoria when he died intestate on March 1, 1936. His widow, Nobile, and five children survived him as his heirs at law. Thereafter, a son, Domenick De Gregoria, and Louisa his wife became the owners of the land by conveyance from the widow and the other heirs. The deed was recorded on July 19, 1938. On June 4, 1943, but not until then, plaintiff proceeded by scire facias, with notice to the widow and all heirs, to revive the judgment as a lien on the land. An affidavit of defense was filed by the widow, by Domenick De Gregoria and his wife, and by one other son and heir of decedent. As to them, plaintiff entered a rule for judgment for want of a sufficient affidavit of defense. It was plaintiff's contention that the lien of the judgment was continued for the period of five years from July 19, 1938, when Domenick De Gregoria and his wife recorded their deed, by virtue of the Act of April 16, 1849, P. L. 663, 12 PS §872; the sci. fa. was issued within five years from that date. The lower court held that the lien continued but only for five additional years from March 1, 1936, the date of the judgment debtor's death. The rule for judgment was discharged on the ground that the lien was lost for want of revival within that period. The order will be affirmed.

Since our decisions in *Ellinger v. Krach,* 150 Pa. Superior Ct. 384, 28 A. 2d 453 and *Simmons v. Simmons,*

150 Pa. Superior Ct. 393, 28 A. 2d 445, affirmed per curiam in 346 Pa. 52, 29 A. 2d 677, the Act of 1849 has been repealed by the Act of May 28, 1943, P. L. 774, which became effective on the date of its enactment. The present proceeding is excepted from the operation of the repealing act by the provisions of §1 if plaintiff's judgment was a lien on the land under the 1849 act when the scire facias issued. The letter of the Act of 1849 has been expanded by judicial construction, and while the decisions are not all entirely consistent, they are in harmony in these respects: The act was intended to stop "that juggling with the title between judgment debtor and terre-tenant [to the prejudice of lien creditors] which had grown up" under prior legislation. *Uhler v. Moses,* 200 Pa. 498, 50 A. 231. When a judgment debtor conveyed his land, the lien of the judgment continued, unimpaired, for five full years from the date when the terre-tenant took possession or recorded his deed. The act continued the lien of the original judgment as one in rem but only against the land of a *terre-tenant. First Nat. B. & T. Co. v. Miller,* 322 Pa. 473, 186 A. 87.

Regarding both of the grantees in the deed as terre-tenants, it is clear that the lien of the judgment had expired as to the interests of all of the defendants in the land, prior to the date when plaintiff brought this scire facias. If Carmine De Gregoria, the judgment debtor had conveyed the land by deed recorded in his lifetime, his death could have no effect upon the lien of the judgment on land so conveyed. But since the conveyance was made by his heirs and not by him, the limit of the continued life of the lien is determined by §15(g) of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS §527, and not by the Act of 1849. The repealing Act of May 28, 1943, supra, provides: "Nothing contained in this act shall be construed to affect or limit these provisions of section fifteen (g) of the 'Fiduciaries Act of 1917' . . . which provide for the revival of certain judgments by death." By the death of the judgment debtor before the

conveyance in question, the lien of the judgment was continued for five years, to March 1, 1941. The lien, so continued by the Fiduciaries Act, was based on the original judgment and §15(g) of that act provides that "after the expiration of such term, [of an additional five years] such judgments shall not continue liens on the real estate of such decedent, unless revived by scire facias, or otherwise . . ." The statute is one of repose; the lien was lost on March 1, 1941 from failure to revive it within the five year period. *Shareff v. Wolf,* 120 Pa. Superior Ct. 227, 182 A. 115. Plaintiff's scire facias, more than seven years after the death of the judgment debtor, therefore, came too late.

This conclusion has support in *Kefover v. Hustead,* 294 Pa. 474, 144 A. 430. The holding (pp. 479,480) is to this effect: The Fiduciaries Act determines the limit of the continuance of the lien, (1) where decedent (as in the present case) owned the land at the time of his death or (2) where he conveyed land by deed not recorded in his lifetime. (3) On the death of the judgment debtor the act of 1849 had application only as to judgments which were liens on land conveyed by decedent by deeds recorded in his lifetime.

Order affirmed.