200     498
e 26 SC ¹⁶³⁹

## Uhler, Appellant, v. Moses.

*Judgment—Revival of judgment—Lien—Statutes—Repeal—Acts of April 16, 1849, P. L. 663, and June 1, 1887, P. L. 289.*

The Act of April 16, 1849, P. L. 663, which provides that " When a judgment has been regularly revived between the original parties, the period of five years during which the lien of the judgment continues shall only commence to run in favor of the terre-tenant from the time that he or she has placed their deed on record," is not repealed by the Act of June 1, 1887, P. L. 289, which provides that " No proceeding shall be available to continue the lien of said judgment against a terre-tenant, whose deed for the land bound by said judgment has been recorded, except by agreement, in writing, signed by said terre-tenant and entered on the proper docket, or the terre-tenant, or terre-tenants, be named as such in the original scire facias." There is no real repugnancy between the two acts.

Where at the time of the issue of a scire facias to revive a judgment, a deed is on record from the judgment debtor, and the terre-tenant is not named in the scire facias, the land is relieved from the lien of the judgment.

To work a repeal of one statute by another because of repugnancy, the repugnancy must be clear, palpable and beyond honest dispute.

It was probably the intention of the legislature in passing the act of June 1, 1887, to stop the irregular practice of issuing a scire facias to re-

vive a judgment against the original debtor, and at the same time directing the sheriff to give notice to all terre-tenants, without designating them by name.

Argued May 28, 1900.   Appeal, No. 7, May T., 1900, from judgment of Superior Court, March T., 1899, No. 25, affirming order of C. P. Dauphin Co., Jan. T., 1893, No. 71, making absolute rule to stay execution in case of H. Uhler v. William S. Moses and William Cunningham, Defendant, with notice to Alda P. Cunningham, Terre-Tenant.   Before GREEN, C. J., MCCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ.   Reversed.

Appeal from Superior Court.

The facts are stated at length in the opinion of the Supreme Court.

*Error assigned* was the order of the Superior Court.

*C. H. Bergner*, for appellant.—A repeal was not within the intention of the legislature : Wetmore v. Wetmore, 155 Pa. 512 ;  People v. Utica Ins. Co., 15 Johns. 380.

If both acts can stand together there is no repeal by implication : Barber's Case, 86 Pa. 400 ;  Erie v. Bootz, 72 Pa. 199 ; Hendrix's Acct., 146 Pa. 285 ;  Rogers v. Glendower Iron Works, 17 W. N. C. 446.

Such repeal is not sanctioned by the law as generally declared : Moore v. Mausert, 49 N. Y. 335 ;  Goillotel v. Mayor, 87 N. Y. 444 ;  Rudolph v. Larned, 27 N. J. Eq. 561 ;  Wright v. Oakley, 5 Metc. 400 ;  Pacific Mail Steamship Co. v. Joliffe, 69 U. S. 450 ;  Wallace v. Blackwell, 3 Drew. 538.

Such repeal is not sanctioned by the law as declared in Pennsylvania : Barclay v. Leas, 9 Pa. C. C. Rep. 314 ;  Searight's Est., 153 Pa. 211 ;  Lyon v. Cleveland, 170 Pa. 619.

*Benjamin M. Nead*, for appellee, cited : Suter v. Findley, 5 Pa. Superior Ct. 163.

OPINION BY MR. JUSTICE DEAN, October 11, 1901:

H. Uhler recovered a judgment against William S. Moses and William Cunningham, October 6, 1892, which judgment

was entered of record to No. 71, January term, 1893, in the court of common pleas of Dauphin county. This judgment became a lien upon a lot of ground situated in the city of Harrisburg owned by defendant Cunningham.

The lot was conveyed by William Cunningham to his wife, Alda P. Cunningham, by deed dated June 26, 1895, which deed was recorded in the office for recording of deeds, November 13, 1895.

October 6, 1897, a scire facias was issued to No. 58, January term, 1898, to revive the judgment and to continue the lien of the same, which scire facias was regularly served by the sheriff and judgment thereon duly entered, November 17, 1897, in favor of the plaintiff and against the original defendants.

On December 7, 1897, an alias writ of scire facias was issued and in this writ Alda P. Cunningham was named as terre-tenant. This alias writ having been duly served, Alda P. Cunningham filed an affidavit of defense, averring that the judgment had ceased to be a lien upon the property conveyed to her before the alias issued, and, therefore, that judgment of revival should not be permitted against her land for want of a sufficient affidavit of defense. The court below in an opinion by Judge McPHER-SON, held the affidavit to be sufficient, and refused judgment against the terre-tenant.

On April 13, 1898, plaintiff issued a writ of fieri facias upon his original judgment, with notice to Alda P. Cunningham, terre-tenant, and in pursuance of said writ of execution, levy was made upon the lot of ground which had been conveyed to the said Alda P. Cunningham, as above stated.

Alda P. Cunningham then presented her petition to the court, asking that said writ of execution be stayed in so far as the same affected the lot of ground. Upon this petition a rule was granted to show cause why the execution should not be stayed.

An answer was filed by the plaintiff in the judgment, setting forth that by virtue of the Act of April 16, 1849, P. L. 663, in all cases when a judgment has been regularly revived between the original parties, the period of five years during which the lien of the judgment continues, shall only commence to run in favor of the terre-tenant from the time he has placed his deed on record; and that as Alda P. Cunningham, the terre-tenant,

had placed her deed on record on November 13, 1895, and as the judgment had been regularly revived between the original parties, the execution was in time and could legally be levied upon the lot of ground which had been conveyed to her.

The court of common pleas, after argument, was of opinion that the act of April 6, 1849, had been repealed by implication by the Act of June 1, 1887, P. L. 289, and therefore, ordered that the rule to show cause why the execution should not be stayed, be marked absolute. Plaintiff thereupon sued out an appeal to the Superior Court by which court the judgment of the common pleas was affirmed. Upon petition to this court an allocatur was allowed, and this appeal from the judgment of the Superior Court to the Supreme Court was taken.

The appellee's argument can only be sustained on the theory that the act of April 16, 1849, has been repealed by the act of June 1, 1887.

The act of 1849 enacts:

" When a judgment has been regularly revived between the original parties, the period of five years during which the lien of the judgment continues shall only commence to run in favor of the terre-tenant from the time that he or she has placed their deed on record."

No further legislation affecting the question before us was had until the passage of the act of June 1, 1887.

By this act, the entire 1st section of the act of March 26, 1827, is quoted and re-enacted and then this amendment is added:

" And no proceeding shall be available to continue the lien of said judgment against a terre-tenant, whose deed for the land bound by said judgment has been recorded, except by agreement, in writing, signed by said terre-tenant, and entered on the proper docket, or the terre-tenant, or terre-tenants, be named as such in the original scire facias."

Here is an apparent repugnance between the acts of 1849 and 1887. The first act declares that the period of five years shall only commence to run in favor of the terre-tenant from the time he or she has placed their deed on record. The act of 1887 says that no proceeding shall avail to continue the lien against the terre-tenant except he be named as such in the original scire facias; and further, it expressly enacts. that all en-

tries and revivals of judgments shall continue a lien on the real estate of defendants for the term of five years and no longer. It was to continue five years from the date the terre-tenant's deed was recorded, under the act of 1849. Is the repugnance between the statutes so great, that we must hold that the later one repeals the earlier one? We are not indifferent to the able opinions in the Superior Court and court of common pleas, which hold that the last impliedly repeals the former. We undertook in Wetmore v. Wetmore, 155 Pa. 507, to set forth the reasons for the passage of the act of 1849. This court, in Armstrong's Appeal, 5 W. & S. 352, had so plainly pointed out the evils and abuses which had grown up under the act of 1827, that the legislature was impelled to attempt a remedy by the act of 1849. The act of 1887 had been six years on the statute book, in 1893, when Wetmore v. Wetmore was heard, and, although cited in the argument by appellant's counsel, it was not pressed and the case was decided on the plain words of the act of 1849.

It had been eight years in force, in 1895, when Lyon v. Cleveland, 170 Pa. 611, was decided, yet the act of 1849 was recognized as the law in that case.

The meaning of this act of 1849 has scarcely been questioned in the last fifty years; it has accomplished the very purpose its framers sought; it fixed with absolute certainty the rights and duties of the lien judgment creditors against the land as well as the duties and liabilities of the judgment debtor and terre-tenant.

While we by no means consider the case a one-sided one, we cannot bring our minds to the conclusion adopted by the Superior Court and the learned judge of the common pleas, that the repugnance between the two acts is so flagrant, that the one by plain implication repeals the other. There are no repealing words in the latter act ; no remedy is supplied to overcome the evils which the act of 1849 cured. We adopt in all its force the familiar rule of interpretation of the Superior Court, that repugnant acts cannot stand together. But, are these acts absolutely irreconcilable or repugnant? We answer, apparently, they are, but we think not really so. The act of 1849 effectually stopped that juggling with the title between judgment debtor and terre-tenant which had grown up under the

act of 1827, and which often left the creditor with a live judgment once a lien, but which had disappeared because of collusion between the debtor and a real or fictitious purchaser.

It is not supposable that the legislature which had cured this evil by the act of 1849, intended by the act of 1887 to make the wrong again possible. A court, unless imperatively commanded by the words of the statute, will not presume such an intention on the part of the lawmaking body. " A thing within the letter is not within the statute, unless within the intention " : People v. Utica Insurance Company, 15 Johns. 380.

If the act of 1849 be repealed, then if a terre-tenant choose to keep his deed from record, and remains out of possession, the creditor has no means of knowledge, that there has been a change of title. If there be no possession and no record of deed for five years, the land is relieved.

But, it is asked, on what does the act of 1887 operate at all if it does not operate to repeal the act of 1849? We answer almost in the express words of the act, it operates to relieve the land from the lien of the judgment, where the deed to the terre-tenant has been placed of record, and in the scire facias to revive, the terre-tenant has not been named; and this is not mere supposition; it is a reasonable inference.

It was a very common practice to issue a scire facias to revive judgments against the original debtor, and at the same time direct the sheriff to give notice to all terre-tenants, without designating them. Judgments were then often obtained against tenants for years, or at will, or they were put to the expense of defending. It was probably the intention of the legislature to put a stop to such an irregular practice. At least, the act would be in entire accord with such intention, and this of itself would warrant us in holding that the repugnancy is only apparent, but not real. If both can stand together and work no injustice, then both should stand: Barber's case, 86 Pa. 400; Erie v. Bootz, 72 Pa. 199.

To work a repeal because of repugnancy, the repugnancy must be clear, palpable, and beyond honest dispute. There is, really, no repugnancy here.

Therefore, it is directed that the decree and order of the Superior Court be reversed and that the rule in the common pleas instead of " absolute " be marked " rule discharged."