Farmers National Bank & Trust Co. of Reading, to use, *v.* Barrett et al. (Barnett, Aplnt.).

Argued January 21, 1936. Before KEPHART, C. J., MAXEY, DREW, LINN and BARNES, JJ.

*Ellis Brodstein,* for appellant.

*Charles H. Weidner,* for appellee, was not heard.

OPINION BY MR. CHIEF JUSTICE KEPHART, March 23, 1936:

Appellee was the owner of a judgment for $33,000, entered April 18, 1928, against two parties, which was a lien against real estate owned by one of them. The property was conveyed to Thomas Barnett August 24, 1931, the deed being recorded August 26th. On April 6, 1933, the judgment was revived by amicable sci. fa., but it failed to include Thomas Barnett. August 17, 1935, a fi. fa. was issued thereon and the sheriff levied upon the real estate conveyed to Thomas Barnett. A rule was taken by him to stay this execution, but it was discharged by the court below. Barnett appeals.

The question presented is whether a terre-tenant, his deed being on record at the time revival proceedings are initiated against the original judgment debtor, must be joined in the proceedings at that time, or whether the judgment creditor has at all times five years from the recording of the terre-tenant's deed to revive as against him. The revival of judgments in this State is controlled by the Act of March 26, 1827, P. L. 129, as amended by the Act of June 1, 1887, P. L. 289, and the Act of April 16, 1849, P. L. 663. The latter act provides: "When a judgment has been or shall be regularly revived between the original parties, the period of five years, during which the lien of the judgment continues, shall only commence to run in favor of the terre-tenant from the time that he or she has placed their deed on record." The Act of 1887, amendatory to the Act of 1827, provides: "No proceeding shall be available to continue the lien . . . against the terre-tenant, whose deed for the land bound by said judgment has been recorded, except by agreement in writing . . . entered on the proper lien docket, or the terre-tenant or terre-tenants be named

as such in the original scire facias." In *Uhler v. Moses*, 200 Pa. 498, Justice DEAN concluded that these two acts were not inconsistent and, on facts identical with those here present, decided that the judgment creditor had five years from the time of the recording of the terre-tenant's deed to revive against him, notwithstanding the fact that the terre-tenant's deed was on record at the time the judgment was revived between the original parties. In *Wetmore v. Wetmore*, 155 Pa. 507, it was stated: "Unquestionably the obvious intent of the Act of 1849 was to continue the lien of the original judgment against the land of the debtor by revival against him alone unless the purchaser of terre-tenant put his deed upon record or was in actual possession, in which cases the five years commenced to run in his favor from the date of recording the deed or from the date he took possession of the land personally or by his tenant." This decision was recently cited with approval in *Kefover v. Hustead*, 294 Pa. 474.

Appellant contends, however, that although the Act of 1849 was not repealed by the Act of 1887, it is modified to the extent that the five years do not run in favor of the terre-tenant from the time he records his deed if at the time of the revival against the original judgment debtor the terre-tenant's deed is then on record. The construction thus argued for is unquestionably reasonable, and had it been adopted by Justice DEAN in the case of *Uhler v. Moses*, supra, it might indeed have become the law. But, as we view this problem, it is no longer an open question. The decision in *Uhler v. Moses*, supra, which has now become a settled rule, forecloses the possibility of our adopting at this time any such construction. The decision has the effect of a rule of property and modification, if necessary, rests with the legislature.

Order affirmed at appellant's costs.