First National Bank and Trust Company (et al.,
Appellant) *v.* Miller et al.

474

Argued April 8, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*W. Robert Thompson,* with him *Ambrose Bradley,* of *Thompson & Bradley,* for appellant.

*W. J. Kyle,* of *Kyle & Reinhart,* with him *John L. Wood,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, June 26, 1936:

Frank S. Miller by deed dated November 15, 1927, recorded November 18, 1927, conveyed a piece of land to the Greene County Amusement Company. At that time a judgment entered May 19, 1927, was a lien on this land. On May 12, 1932, a scire facias was issued to

revive that judgment, but the terre-tenant, Greene County Amusement Company, was not joined or served as a party defendant. This scire facias was reduced to judgment on June 21, 1932. On that day, M. F. Whitehill, assignee of the judgment creditor and appellant, issued a second scire facias to revive the new judgment of June 21, 1932, naming the Amusement Company as terre-tenant. Judgment on this scire facias was not entered until January 6, 1933. Meanwhile, on June 21, 1932, three other judgments were entered against the Amusement Company by other creditors. The difficulty arises in the distribution of the fund realized from a sheriff's sale on a fieri facias against the real property of the Amusement Company. The sheriff awarded to the three judgments payment in full, and the balance to appellant's judgment. As it did not cover his judgment he excepted to the sheriff's schedule on the ground that his judgment was superior in right to all other judgments. The court below overruled this exception, and he appeals.

As early as 1811 in *Bank of North America v. Fitzsimons*, 3 Binney 342, this court decided that acts which limit the duration of the lien of a judgment to a definite time unless regularly and properly revived within the prescribed period are for the benefit of judgment creditors as well as subsequent purchasers. The court there considered the Act of April 4, 1798, and held that if a judgment is not properly revived, other judgment creditors who intervene in the meantime take precedence over an improperly revived judgment. See also *McCahan v. Elliott*, 103 Pa. 634; *Aurand's Appeal*, 34 Pa. 151. A judgment creditor's right to assert priority over a prior judgment can arise only on distribution of the funds arising from sale of the land on which the lien is claimed. As stated in *Trickett, Law of Liens*, page 366: "In distribution proceedings, later lien creditors may dispute the right of earlier judgments by showing that they have not been properly revived." To this statement from Trickett might be added "even though the terre-tenant

does not object." See also *Ziegler v. Schall,* 209 Pa. 526, 528; *Dietrich's Appeal,* 107 Pa. 174. The rights of creditors asserting priority over irregular or ineffective revivals of other creditors are substantive. They do not depend on the terre-tenant's approval or disapproval nor on his action or inaction.

We construed, in *Farmers National Bank v. Trust Company,* 321 Pa. 273, the Acts of April 16, 1849, P. L. 663, Section 12, and of June 1, 1887, P. L. 289, and settled the time within which the judgment creditor's lien continues after an alienation of the liened land by the judgment debtor. It was held that these acts continue the lien for five years from the time of the recording of the terre-tenant's deed or his taking of possession. During that time the in rem effect of the original judgment as against the terre-tenant continues and within that time the judgment creditor may move by scire facias, in which the terre-tenant is joined, to continue the lien and priority of the judgment for a further period of five years. Tested by this rule, appellant had five years from November 18, 1927, to continue his lien. He did not do so.

When the first scire facias was issued May 12, 1932, without joining the terre-tenant, Green County Amusement Company, the writ was ineffective to continue the lien of appellant's judgment against the terre-tenant's land. The Act of June 1, 1887, P. L. 289, is explicit in stating that the lien of a judgment against a terre-tenant is lost unless by his agreement in writing or by his joinder in the writ it is continued. Appellant had no agreement nor did he join the terre-tenant in his original writ. The judgment entered on the first scire facias neither continued nor preserved the lien of the judgment against terre-tenant's land: See *Haak's Appeal,* 100 Pa. 59; *Armington v. Rau,* 100 Pa. 165. That property was entirely unaffected by it.

But the lien of the original judgment was not lost by that proceeding. It continued until November 18, 1932.

In *Fursht v. Overdeer*, 3 W. & S. 470, it was held that the fact that the judgment creditor issued a scire facias to revive a judgment without joining the terre-tenant did not result in merging and thereby extinguishing the lien existing by virtue of the original judgment. Within the time limit set by statute that lien continues unimpaired and in full force no matter how many writs of scire facias may be issued thereon without joining the terre-tenant: See also *Farmers National Bank v. Trust Company, supra.*

In this situation, with the original judgment still a lien upon the land, the judgment entered on June 21, 1932, being of no effect, appellant's course was clear. It was to revive the only judgment which was a lien upon the land—the original judgment. *Little v. Smyser,* 10 Pa. 381, clearly so rules. In *Zerns v. Watson,* 11 Pa. 260, the situation was much the same as the one before us, except that it was the terre-tenant who urged the lien was lost rather than a judgment creditor asserting priority. The court there stated: "The first scire facias was issued against the original defendants alone, without notice to the terre-tenant, and judgment was confessed thereon without his participation. It was clearly, therefore, no lien or encumbrance on the land in his hands, the same having been aliened before the scire facias was issued. . . . What then was the remedy of the plaintiff in the judgment in order to continue the lien of it against the land? Surely not to make the second judgment the foundation of his suit." Appellant failed to revive the only judgment which was a prior lien against the land within the period of five years and consequently the priority of his lien against the land conveyed was lost.

The Act of June 12, 1931, P. L. 506, Sec. 1, does not aid appellant. It provides that "When a scire facias is sued out upon any judgment of record whether for the purpose of reviving the lien thereof . . . or for the purpose of extending the lien thereof to after acquired real estate . . . the lien shall be effective as of the date when

the scire facias issued." As the record stood on June 21, 1932, the revived judgment was not a lien against the land owned by the vendee, the Amusement Company, terre-tenant, nor was it a judgment against such vendee personally. It was a judgment against Frank S. Miller, the vendor, alone. The scire facias on that judgment, did not revive or create a lien against the land of the vendee Amusement Company, though it may have extended that judgment as a lien on after-acquired property of Miller, the judgment debtor. But Miller did not own the Amusement Company's land. The latter could have successfully defended this scire facias if it desired to do so. Its failure to act cannot place appellant in a better position than if it had come in and defended. The rights of intervening judgment creditors were unaffected by the scire facias for the Act of 1931 was ineffectual to create liens prejudicial to the rights of intervening judgment creditors under the circumstances here involved. As the second judgment was not revived so as to fasten a lien on the land formerly owned by the judgment debtor, nor was such land after-acquired land, any scire facias issued on such judgment would be ineffective as to intervening judgment creditors. While the judgment entered on the second scire facias may entitle appellant to claim a share of the proceeds from the sale of terre-tenant's land because it failed to raise objections, his claim dates from the entry of the judgment, not from the date of the writ.

The order of the court below is affirmed.