## Dime Bank of Lansford, Appellant, *v.* Summit Hill Trust Company.

Argued April 15, 1941. Before Schaffer, C. J., Maxey, Drew, Linn, Stern, Patterson and Parker, JJ.

*D. J. Boyle,* with him *Ben Branch,* for appellant.

*John G. Cipko,* for appellee.

Per Curiam, April 28, 1941:

By deed dated July 23, 1926, certain real estate in the Borough of Lansford was conveyed to John J. Boyle and Bessie Boyle, his wife. The deed was recorded on July 26, 1926, and on that same day plaintiff, The Dime Bank of Lansford, entered of record a judgment by confession against Boyle and his wife. This judgment was revived by amicable agreement on July 10, 1931, and again by amicable agreement on July 21, 1936.

Defendant, The Summit Hill Trust Company, holds three judgments which are liens against the Boyle property, and which would take precedence over the lien of plaintiff's judgment if, as defendant contends, the second revival of plaintiff's judgment on July 21, 1936, being eleven days more than five years after the entry of the first revival, was too late to continue its lien. The real estate is about to be sold at sheriff's sale, and

the court below was asked to give a declaratory judgment which would determine the priorities of the respective liens of the parties so that they might be able to bid intelligently at the sale.

Plaintiff urges upon us the extraordinary proposition that, even though the second revival of the judgment was filed more than five years after the first, it was nevertheless effective to continue the lien because filed within ten years of the entry of the original judgment. Nothing could be more explicit on this point than the Act of March 26, 1827, P. L. 129, §1, as amended by the Act of June 1, 1887, P. L. 289, §1, which provides that "All judgments . . . shall continue a lien on the real estate of the defendant for the term of five years from the day of entry or revival thereof; and no judgment shall continue a lien on such real estate for a longer period than five years from the day on which such judgment may be entered or revived, unless revived, within that period, by agreement of the parties . . . filed in writing, and entered on the proper docket, or a writ of scire facias to revive the same be sued out within said period, . . . nor shall the revival of such judgment by agreement, as aforesaid, or the issuing of a scire facias, either with or without entry of judgment thereon, have the effect of continuing such lien for a longer period than five years from the day on which it may be entered, or revived, or such scire facias may have issued; . . ."

By way of *reductio ad absurdum* it may be pointed out that, if plaintiff's contention were correct, a judgment creditor could, for example, file his judgment on one day, revive it on the next, again on the third day, and so on, and thereby obtain a lien to continue for fifteen years or any desired longer period from the date of entry of the original judgment without the need of any further action on his part, thus defeating the obvious purpose of the statute in requiring revivals of judgments at intervals not exceeding five years.

The court was clearly right in holding that plaintiff permitted its lien to lapse on July 10, 1936, with the result that the judgments of defendant, even if theretofore subsequent in lien to that of plaintiff, acquired priority: *First National Bank & Trust Co. v. Miller*, 322 Pa. 473, 475, 186 A. 87, 88.

Judgment affirmed.