Ellinger *v.* Krach (et al., Appellant).

Argued October 28, 1941.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, RHODES and HIRT, JJ.

*Ross H. Pentz,* with him *John J. Pentz,* for appellant.

*F. Cortez Bell,* for appellee.

OPINION BY HIRT, J., October 7, 1942:

On May 3, 1935 plaintiff entered a judgment of record against Gottlieb and Emma Krach. Thereafter, by deed recorded July 18, 1939, these defendants conveyed a part of their land, encumbered by this judgment, to George F. Krach. On June 7, 1940, more than five years from the date of the original entry, plaintiff issued a scire facias to revive the lien of the judgment naming defendants Gottlieb and Emma Krach as judgment debtors and George F. Krach as terre-tenant. To the scire facias the terre-tenant filed an affidavit of defense in which he contended, as a matter of law, that by the failure to proceed within five years from the date of her judgment, plaintiff has irrevocably lost her right to revive the judgment as a lien against the land conveyed to him. The lower court refused to adopt that view; the terre-tenant was given leave to file an affidavit of defense to the merits, failing which, judgment was directed to be entered against him and his land. The terre-tenant appealed.

The controlling statute, the Act of April 16, 1849, P. L. 663, 12 PS 872, was not repealed by the Act of June 1, 1887, P. L. 289, 12 PS 868. These statutes, and the effect of each upon the other, have been a prolific source of controversy, but their interpretation has crystallized into definite general rules which make for uniformity and consistency. The two acts are not irreconcilable or repugnant. The act of 1849, in the interest of open, fair dealing, was intended to afford protection to creditor, debtor and purchaser without imposing hardship on any one of them. *Wetmore v. Wetmore,* 155 Pa. 507, 26 A. 694. It was enacted to stop "that juggling with the title between judgment debtor and terre-tenant which had grown up under the Act of [March 26] 1827," P. L. 129, (9 Sm. L. 303) re-enacted in the Act of 1887. *Uhler v. Moses,* 200 Pa. 498, 50 A. 231.

A terre-tenant is one who has purchased an estate mediately or immediately from the debtor while it was bound by a judgment. *Dengler v. Kiehner*, 13 Pa. 38; *Kefover v. Hustead*, 294 Pa. 474, 144 A. 430. If at the time of the debtor's conveyance, the lien of the judgment has already expired against him, no revival proceedings on the original judgment can operate so as to bind the land in the hands of the purchaser (*Miller Brothers v. Boyotz*, 96 Pa. Superior Ct. 208); although the personal obligation of the judgment debtor remains unimpaired, (*Le Bar et al. to use v. Patterson*, 123 Pa. Superior Ct. 491, 187 A. 278) the land itself passes free from the lien of the judgment. On the other hand, one who purchases land bound by a judgment has at least constructive notice of the lien from the record of the judgment, and on recording of the deed, the land so purchased becomes subject to it. Within the time limit set by statute that lien continues unimpaired and in full force against the land of the terre-tenant. *Fursht v. Overdeer*, 3 W. & S. 470.

The Act of 1849 provides that the period of five years during which the lien of the judgment continues, shall commence to run in favor of the terre-tenant only from the date he records his deed or goes into possession. And though the act, in so providing, refers to cases where "a judgment has been or shall be regularly revived between the original parties," our Supreme Court in construing the intent of the act, adopted a construction in *Uhler v. Moses*, supra, which has the effect of "a rule of property." *Farmers N. B. & T. Co. v. Barrett*, 321 Pa. 273, 184 A. 128. Since a *rule* of property is necessarily general and universal in its application, the language of the Supreme Court, quoted below, does not relate exclusively to the facts in each particular case under consideration but must be regarded as defining the limits of the rule in its general aspects.

In *Kefover v. Husted*, supra, the following principle was affirmed: "Unquestionably, the obvious intent of

this act (1849) was to continue the lien of the original judgment against the land of the debtor by a revival against him alone, unless the purchaser or terre-tenant put his deed upon record, or was in actual possession, in which cases the five years commence to run in his favor from the date of recording the deed, or from the date he took possession of the land, personally or by his tenant." In that case there was no revival between the original parties though the lien had been continued by the death of the judgment debtor. Judgment on a scire facias against the terre-tenant within five years from the recording of his deed, but more than five years from date of the original judgment, was sustained. In *Farmers N. B. & T. Co. v. Barrett,* supra, it was held that a judgment creditor *"has at all times five years from the recording of the terre-tenant's deed to revive as against him"* and that the terre-tenant need not be joined in a scire facias against the original debtor. In *First Nat. B. & T. Co. v. Miller,* 322 Pa. 473, 186 A. 87, the judgment entered on May 19, 1927 was regularly revived by scire facias against the original debtor without joining the terre-tenant. The terre-tenant who recorded his deed on November 18, 1927, later, was made a party in a second scire facias, but that proceeding was brought, not to revive the original judgment, but upon the judgment of revival on the first scire facias against the judgment debtor alone. The Supreme Court said: "the [first] writ was ineffective to continue the lien of appellant's judgment against the terre-tenant's land. The Act of June 1, 1887, P. L. 289, is explicit in stating that the lien of a judgment against a terre-tenant is lost unless by his agreement in writing or by his joinder in the writ it is continued. Appellant had no agreement nor did he join the terre-tenant in his original writ. The judgment entered on the first scire facias neither continued nor preserved the lien of the judgment against terre-tenant's land: See *Haak's Appeal,* 100 Pa. 59; *Armington v.*

*Rau*, 100 Pa. 165. That property was entirely unaffected by it. But the lien of the original judgment was not lost by that proceeding. It continued until November 18, 1932...... Within the time limit set by statute that lien continues unimpaired and in full force no matter how many writs of scire facias may be issued thereon without joining the terre-tenant." The result is the same if no scire facias issues against the original judgment debtor; the lien of the original judgment, attaching to the land of the terre-tenant on conveyance to him, continues for the period of five years from the date when he records his deed. The judgment against the terre-tenant is *in rem* and comes into independent being from the moment he records his deed or goes into possession. "During that time the in rem effect of the original judgment as against the terre-tenant continues and within that time the judgment creditor may move by scire facias, in which the terre-tenant is joined, to continue the lien an[d, priority of the judgment for a further period of five years:" *First Nat. B. & T. Co. v. Miller*, supra.

In the present case, since the judgment was a lien when the terre-tenant bought the land, it follows that the revival proceedings, brought within thirteen months after he recorded his deed, were timely. It is unimportant that in the meantime the lien of the judgment as to the original judgment debtor had expired, or that it was later revived by scire facias as a new judgment against land then owned by him.

Judgment affirmed.

DISSENTING OPINION BY RHODES, J.:

I am unable to agree with the conclusion set forth in the majority opinion. The Act of April 16, 1849, P. L. 663, Sec. 8, 12 PS §872, is still in force. *Kefover et al. v. Hustead et al.*, 294 Pa. 474, 481, 144 A. 430. That section of the act provides: *"In all cases when a judgment has been or shall be regularly revived between the*

*original parties,* the period of five years, during which the lien of the judgment continues, shall only commence to run in favor of the terre-tenant from the time that he or she has placed their deed on record ......," (italics supplied), or the date when the terre-tenant went into actual possession. In the instant case plaintiff failed to régularly revive (which means revival within 5 years from date of entry of the original judgment) her judgment against the original debtors, and she thereby lost her right to the benefits which she otherwise would have been entitled to under the Act of 1849, supra. The vital distinction between the facts in the cases[1] cited as controlling by the majority and those in the present case is the presence in those cases and the absence here of the regular revival of the judgment "by sci. fa. or otherwise" against the original debtor or debtors. If the theory of the majority is correct the possibilities of most inequitable distribution of the liability for judgments between remaining lands of the original debtors and the lands of terre-tenants are very obvious, and what title searchers would have to do is

---

[1] *Uhler v. Moses,* 200 Pa. 498, 50 A. 231; *Kefover et al. v. Hustead et al.,* 294 Pa. 474, 144 A. 430; *Farmers National Bank & Trust Co. of Reading, to use, v. Barrett et al.,* 321 Pa. 273, 184 A. 128; *First National Bank & Trust Company et al. v. Miller et al.,* 322 Pa. 473, 186 A. 87. In *Kefover et al. v. Hustead et al.,* supra, at p. 481, our Supreme Court said: "That this legislation is still in force has been recognized in as late a case as *Schotts & Co. v. Agnew,* 81 Pa. Superior Ct. 458. It is made applicable where the judgment has been regularly revived 'by sci. fa. or otherwise,' a phrase used in the various acts dealing with the debts of decedents, and in the present case the judgment was renewed as to Hustead's Estate for the period of five years when he died in 1918. It was within the right of the plaintiff, therefore, to proceed within five years from the date of the recording of the deeds to charge the land conveyed in his lifetime, and action was taken within that time, though more than five years from the original entry had gone by."

390

difficult to determine. See *Lewis v. Puchy et al.*, 44 D. & C. 482. See also dissenting opinion in *Simmons v. Simmons et al.*, —— Pa. Superior Ct. ——, 28 A. 2d. 445.

I would therefore reverse the judgment of the court below and direct that judgment be entered in favor of the terre-tenant.