Behler, Adrx. *v.* Loch et al., Appellants.

Argued December 6, 1943. Before BALDRIGE, STADT-FELD, RHODES, HIRT, KENWORTHEY and RENO, JJ. (KELLER, P. J., absent).

*B. J. Duffy, Sr.,* of *Duffy & Duffy,* for appellants.

*Randall W. Snyder,* with him *James D. Williamson,* for appellee.

PER CURIAM, March 3, 1944:

This appeal is by defendants in a proceeding under the Act of April 20, 1905, P. L. 239, 12 PS §2571 et seq., for possession of certain real estate sold at

sheriff's sale. Frank A. Behler was the plaintiff, and Charles Loch and Fianna Loch were the defendants in a judgment upon which the execution was issued. The judgment had been revived as a lien by amicable action on August 5, 1935. On February 8, 1938, the real estate on which the judgment was a lien was conveyed by defendants in the judgment to Amanda Loch, and the deed was recorded on February 9, 1938. On July 13, 1942, a suggestion of plaintiff's death was filed, and his administratrix d.b.n.c.t.a. was substituted as plaintiff. On July 13, 1942, a writ of fieri facias was issued on the judgment. Levy was made upon the real estate and the same was sold by the sheriff to the substituted plaintiff in the judgment. No exceptions were filed, and the sheriff's deed was acknowledged and recorded.

A petition for writ of possession was presented to the court below on October 19, 1942, by plaintiff, the purchaser, and on the same day a citation was directed to the defendants and the terre-tenant as the persons in possession to show cause why a writ of possession should not issue. An answer was filed. A writ of possession was subsequently directed to be issued in favor of the petitioner. This appeal followed.

The contention of appellants is that plaintiff, the purchaser at the sheriff's sale, acquired no title to the real estate and hence was not entitled to a writ of possession. The reasons assigned in support of this position are (1) that the writ of fieri facias could not issue without a previous writ of scire facias to revive the judgment, and (2) that the real estate of the terre-tenant could not be sold unless she had been made a party to the record by a writ of scire facias.

Whether appellants, having failed to pursue their remedies prior to the acknowledgment and recording of the sheriff's deed, are precluded from attempting to defeat the purchaser's right to possession of the property under the Act of 1905, is a question which we need not

decide in this case, as on the substantive law appellants have no standing to complain for the reasons given.

This court and our Supreme Court have said that where land, subject to a valid judgment, is conveyed by deed, which is at once recorded, the lien of the judgment binds the land in the possession of the terre-tenant for a period of five years from the date of the recording of the deed, even though the judgment was not subsequently revived against the judgment debtor by scire facias within five years of the entry of the judgment. *Simmons v. Simmons et al.*, 150 Pa. Superior Ct. 393, 28 A. 2d 445, affirmed 346 Pa. 52, 29 A. 677.[1]

The validity of the judgment upon which execution was issued is unquestioned, and, as the writ of fieri facias was issued while the judgment was a lien on the land in possession of the terre-tenant, there was no need for the issuance of a writ of scire facias to revive the lien against the land. See *Farmers National Bank & Trust Co. of Reading, to use, v. Barrette et al.*, 321 Pa. 273, 274, 184 A. 128. The in rem effect of the original judgment as against the terre-tenant continued. *First National Bank & Trust Co. v. Miller et al.*, 322 Pa. 473, 476, 186 A. 87; *Ellinger v. Krach et al.*, 150 Pa. Superior Ct. 384, 388, 28 A. 2d 453, affirmed 346 Pa. 52, 29 A. 2d 677. And the real estate bound thereby may be sold on a writ of fieri facias without the prior issuance of a writ of scire facias against the judgment debtor or the terre-tenant. *Simmons v. Simmons et al.*, supra, 150 Pa. Superior Ct. 393, 406, 28 A. 2d 445. Cf. *Cooper v. Lucas et ux.*, 152 Pa. Superior Ct. 655, 33 A. 2d 466. The issuance of a writ of scire facias to revive is predicated on the loss of the lien of the judgment upon the real estate at the end of five years.

Order is affirmed.

---

[1] Since these decisions the Act of May 28, 1943, No. 325, has been passed. See, also, Lien and Revival of Judgments—A Serious Legislative Error, by Philip W. Amram, Pennsylvania Bar Association Quarterly, vol. 15, p. 133, January, 1944.