Frill *v.* Frill (Commonwealth, Appellant).

Argued October 1, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Jacob L. Aaron,* Special Deputy Attorney General, with him *Lloyd F. Weaver, M. Louise Rutherford,* Deputy Attorney General, and *James H. Duff,* Attorney General, for appellant.

*A. A. Geary,* with him *W. P. Geary,* for appellee.

OPINION BY MR. JUSTICE LINN, November 8, 1946:

The Commonwealth appeals from an order of distribution of the proceeds of a sheriff's sale of real estate. Its judgment, on which the Commonwealth based its claim, was entered against the defendant, Frill, December 7, 1939, and was revived November 29, 1944, by amicable scire facias. Among other judgments against the same defendant, was one marked to the use of Geary on which the execution issued and raised the proceeds for distribution. The Commonwealth contends that the judgment to the use of Geary, to which distribution was made, had lost its lien and was therefore not entitled to share ahead of the Commonwealth.

The use-plaintiff's judgment was entered August 21, 1933; a scire facias to revive was issued August 19, 1938, that is, within five years of the date of the original judgment and judgment was entered on the scire facias June 8, 1943, which, it may be observed, was within five years

of the issuance of the scire facias. The Commonwealth's judgment was a later judgment entered and revived as stated above.

The Commonwealth would agree that if the Act of June 1, 1887, P. L. 289, (a supplement to the Act of March 26, 1827, P. L. 129, limiting the time during which judgments shall be a lien on real estate) had not been repealed by the Act of May 28, 1943, P. L. 774, 12 P.S. 864.1, the distribution made below would be correct, but contends that a different result is required by the Act of 1943 "regulating the lien of judgments; prescribing the procedure for the revival of judgments and for the continuance of the lien thereof," which repealed the Acts of 1827 and 1887.

An examination of the use-plaintiff's lien as it appeared immediately prior to May 28, 1943, when the statute was approved, shows that it had been kept alive to that date. The Act of June 1, 1887, P. L. 289, had provided: "All judgments entered in any court of record . . . shall continue a lien on the real estate of the defendant for the term of five years from the. day of entry or revival thereof; and no judgment shall continue a lien on such real estate for a longer period than five years from the day on which such judgment may be entered or revived, unless revived, within that period, by agreement . . . or a writ of scire facias to revive the same be sued out within said period . . .; nor shall the revival of such judgment by . . . the issuing of a scire facias . . . have the effect of continuing such lien for a longer period than five years from the day of which it may be entered or revived. or such scire facias may have issued . . ."

Within five years of the entry of the use-plaintiff's judgment, a scire facias issued and was served. That fact continued the lien for a period of five years from the day on which "such scire facias may have issued." That period of five years had not expired when the Act of 1943 was approved; the property therefore was sub-

ject to the lien when the Act became effective. Cf. *Sanner v. Knights,* 349 Pa. 523, 526, 37 A. 2d 576; *Johns' Estate,* 253 Pa. 532, 98 A. 719; *Meinweiser v. Hains,* 110 Pa. 468, 2 A. 431; *Kirby v. Cash,* 93 Pa. 505; *Fulton Estate,* 51 Pa. 204; *Howes & Bros. v. Dolan,* 9 Pa. Superior Ct. 586.

We next inquire what effect, if any, the Act of 1943 [*] had on the use-plaintiff's existing lien in view of the repeal of the Act of 1887. The answer is, none whatever.

The Statutory Construction Act of May 28, 1937, P. L. 1019, 46 P.S. 501, provides in section 82, "Repeal and Re-enactment.—Whenever a law is repealed and its provisions are at the same time re-enacted in the same or substantially the same terms by the repealing law, the earlier law shall be construed as continued in active operation. All rights and liabilities incurred under such earlier law are preserved and may be enforced."

The Act of 1943, in the first section, provides: ". . . No judgment shall continue a lien on such real estate of the defendant or defendants as to purchasers, mortgagees and other lien creditors for a longer period than five years from the day on which such judgment may be entered or revived, unless revived within that period by agreement of the plaintiff and defendant and terre tenants in writing, filed and entered on the proper docket, or by a writ of scire facias to revive the same, sued out within said period according to the provisions of this act, . . ." As related to the point under consideration, that is substantially the provision of the Act of 1887.

The record shows that the writ to revive was "sued out" (*Johns' Estate,* 253 Pa. 532, 98 A. 719) within the prescribed time. A scire facias to revive a judgment is a suit on the judgment: Cf. *Township v. Walter,* 95 Pa.

---

[*] The Act of 1943 has been severely criticized. Amram, Lien and Revival of Judgments, a Serious Legislative Error: 15 Penna. Bar Assoc. Quarterly 133. Also see 15 Penna. Bar Assoc. Quarterly, page 385, for proposed Act on the subject considered by the Bar Association. The writer is informed that a bill on this subject (House Bill No. 1024) was introduced in the legislative session of 1945 but had not been finally acted on when the legislature adjourned.

85; *Eldred v. Hazlett's Admr.*, 38 Pa. 16, 32; *Stewart v. Peterson's Executors*, 63 Pa. 230, 232. As no defense was pleaded, judgment was taken on June 8, 1943. From the date of the original entry of the judgment until that time the judgment had been a lien and that lien continued for a further period of five years.

The Commonwealth refers to the Act of June 12, 1931, P. L. 506, 12 P.S. 876. That Act has no application to the facts of this case because it provides "That when a scire facias is sued out upon any judgment of record, either for the purpose of reviving the lien thereof against the real estate of the person against whom the judgment is entered *after such lien shall have been lost, or for the purpose of extending the lien thereof to the after acquired real estate of such person,* [italics supplied] the proceedings on such scire facias shall be as provided by law for such writs and shall be concluded without delay, and the lien shall be effective as of the date when the scire facias issued. All such writs of scire facias shall be properly indexed in the judgment docket." There is no question in this case of delay in the revival of a lien after the lien had been lost, or of extending the lien to after-acquired real estate.

The proceeds of the sheriff's sale having been exhausted before the Commonwealth's judgment was reached, the judgment took nothing.

Order affirmed.