## Fidelity and Deposit Company of Maryland *v.* Keiper (et al., Appellant).

Argued March 8, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (Ross, J., absent.)

*Philip L. Drum,* for appellant.

*Maurice S. Cantor,* with him *Charles B. Waller,* for appellee.

OPINION BY RHODES, P. J., July 15, 1949:

This appeal involves three successive revival proceedings based on a judgment which was a lien on the property of appellant, the terre-tenant, when the first writ of scire facias to revive was issued. The matter was heard before a judge without a jury who held that the first judgment entered on the scire facias to revive the original judgment was not valid under the Act of June 1, 1887, P. L. 289 (which amended the Act of March 26, 1827, P. L. 129), 12 PS §868, because the terre-tenant was not named in the writ of scire facias, and that the first revival being void the subsequent attempted revivals were of no effect. Exceptions filed by plaintiff were sustained by the court in banc, which held that the terre-tenant was properly made a party to the first scire facias to revive the judgment. The terre-tenant has appealed from the final judgment entered against him.

Plaintiff entered the original judgment in the amount of $1,000 on November 23, 1926, on a sealed note against A. August Keiper, containing a confession of judgment.

Keiper, the defendant therein, at that time owned a 1/18 interest in certain real estate located at the corner of South Main and Ross Streets in the city of Wilkes-Barre, Pennsylvania, against which interest the judgment became a lien when entered. He conveyed his interest in this property to Harry Brodhun, terre-tenant, by deed dated January 11, 1929, and recorded January 15, 1929.

Scire facias proceedings to revive the judgment were begun on October 23, 1931. The writ of scire facias to revive the judgment issued by the Prothonotary named A. August Keiper defendant; the terre-tenant was not included in the writ. The sheriff added the terre-tenant to the writ and made personal service upon him on November 2, 1931; he made return to this effect before November 30, 1931, the return day of the writ. Judgment for want of appearance and for want of an affidavit of defense was taken against the terre-tenant, Harry Brodhun, the present appellant, on September 18, 1935.

A second writ of scire facias to revive and continue the lien of the intermediate judgment (or 1935 judgment) was issued on August 6, 1940, naming therein A. August Keiper defendant and Harry Brodhun terre-tenant. The sheriff made return of nihil habet as to Keiper and of personal service upon the terre-tenant. On September 25, 1940, judgment was entered against the terre-tenant for want of appearance and for want of an affidavit of defense to No. 1539, October Term, 1940.

A third writ of scire facias was issued on September 21, 1945, naming the same parties as defendant and as terre-tenant. The return was nihil habet as to the defendant and of personal service on the terre-tenant. Appellant, the terre-tenant in this writ, filed an affidavit of defense stating: "He denies owning or holding, as

terre-tenant, any land bound by the judgment which plaintiff desires to revive."

Appellant's principal contention is that he as terre-tenant was not made a party to the first scire facias proceeding merely by having his name added to the writ by the sheriff although personal service thereof was made on him before the return day, and that the judgment thereon being invalid as to him the subsequent proceedings to revive were void.

The statutes relating to the revival of judgments with which we are concerned in these proceedings will be quoted in their pertinent parts.

The Act of March 26, 1827, P. L. 129, 9 Sm. L. 303, 12 PS §868, provided, in part, as follows: ". . . no judgment shall continue a lien on such real estate for a longer period than five years from the day on which such judgment may be entered or revived, unless revived, within that period, by . . . a writ of scire facias . . . sued out within said period, according to the provisions of the act to which this is a supplement, . . ."[1] The amendment of June 1, 1887, P. L. 289, to the Act of 1827, 12 PS §868, added the following: ". . . and no proceeding shall be available to continue the lien of said judgment against a terre-tenant, whose deed for the land bound by said judgment has been recorded, except by agreement, in writing, signed by said terre-tenant, and entered on the proper lien docket, or the terre-tenant or terre-tenants be named as such in the original scire facias."

Section 8 of the Act of April 16, 1849, P. L. 663, 12 PS §872, provided: "In all cases when a judgment has been or shall be regularly revived between the original parties, the period of five years, during which the lien of the judgment continues, shall only commence to run in favor of the terre-tenant from the time that he or she has placed their deed on record: Provided,

---

[1] Act of April 4, 1798, 3 Sm. L. 331.

That this act shall not apply to any cases which have been finally adjudicated, or when the terre-tenant is in actual possession of the land bound by such judgment, by himself or tenant."

Section 3 of the Act of April 4, 1798, 3 Sm. L. 331, 12 PS §869, provided that "All such writs of scire facias shall be served on the terre-tenants, or persons occupying the real estates bound by the judgment, and also, where he or they can be found, on the defendant or defendants, his or their feoffee or feoffees, or on the heirs, executors or administrators of such defendant or defendants, his or their feoffee or feoffees; . . ."

The Acts of 1798, 1827, 1849, and 1887, or quoted sections thereof, have been repealed. See Judgment Lien Law of July 3, 1947, P. L. 1234, 12 PS §877 et seq., which repealed Act of May 28, 1943, P. L. 774. Cf. *Frill v. Frill*, 355 Pa. 156, 159, 49 A. 2d 354.[2]

In construing the provisions of the Acts of 1849 and 1887, our appellate courts have adopted a reasonable and realistic interpretation. In *Uhler v. Moses*, 200 Pa. 498, 50 A. 231, it was held that these two Acts were not inconsistent. Consequently, it was permissible for a judgment creditor to revive the lien of his judgment as against land of the terre-tenant at any time within five years from the recording of the terre-tenant's deed, notwithstanding that the terre-tenant's deed was on record at the time of a revival between the original parties to the judgment. *Farmers National Bank & Trust Co. of Reading v. Barrett*, 321 Pa. 273, 275, 184 A. 128; *Uhler v. Moses*, supra, 200 Pa. 498, 50 A. 231; *Kefover v. Hustead*, 294 Pa. 474, 144 A. 430; *First*

---

[2] As to the intermediate Act of May 28, 1943, No. 325, P. L. 774, see: Lien and Revival of Judgments, a Serious Legislative Error, by Philip W. Amram, Pennsylvania Bar Association Quarterly, Vol. 15, p. 133, January, 1944, cited in footnote of *Frill v. Frill*, 355 Pa. 156, 159, 49 A. 2d 354, and in footnote of *Behler v. Loch*, 154 Pa. Superior Ct. 399, 401, 36 A. 2d 234.

*National Bank and Trust Co. v. Miller,* 322 Pa. 473, 186 A. 87. Furthermore, our courts have held that a conveyance of property subject to a judgment lien automatically gave the judgment creditor a period of five years from the recording of the terre-tenant's deed to sue out a scire facias to revive irrespective of the state of the lien between the original parties. *Ellinger v. Krach,* 150 Pa. Superior Ct. 384, 28 A. 2d 453; *Simmons v. Simmons,* 150 Pa. Superior Ct. 393, 28 A. 2d 445, both of which were affirmed 346 Pa. 52, 29 A. 2d 677.

We are of the opinion that the terre-tenant in the instant case was properly made a party to the first scire facias to revive by the addition of his name to the writ by the sheriff and by personal service thereof before the return day of the writ. The practice of having the sheriff add to the writ the names of parties owning or in possession of real property in proceedings to charge the property with a lien is not foreign to our law. Cf. *Dickson City Borough v. Senkosky,* 162 Pa. Superior Ct. 612, 60 A. 2d 545, section 18 of the Municipal Lien Act of May 16, 1923, P. L. 207, 53 PS §2038, expressly authorizes the sheriff to add the names of all persons in possession of the property as defendants in a writ of scire facias to revive and continue a municipal lien.

By virtue of the rulings in *Uhler v. Moses,* supra, 200 Pa. 498, 50 A. 231, and *Farmers National Bank & Trust Co. of Reading v. Barrett,* supra, 321 Pa. 273, 184 A. 128, a judgment creditor could issue "original" or "alias" writs of scire facias to revive and continue the lien against the terre-tenant's land, where the terre-tenant had recorded his deed, at any time within five years of the recording. The requirement of the amendment of 1887, 12 PS §868, that a terre-tenant "be named as such in the original scire facias" has thus been construed to include any scire facias to revive and continue the lien as against the terre-tenant issued within five years of the recording of the terre-tenant's deed. A

scire facias to revive a judgment is a suit on the judgment (*Frill v. Frill,* supra, 355 Pa. 156, 159, 49 A. 2d 354) ; and in *Ellinger v. Krach,* supra, 150 Pa. Superior Ct. 384, 388, 28 A. 2d 453, 455, we said : "The judgment against the terre-tenant is *in rem* and comes into independent being from the moment he records his deed or goes into possession." The important fact is that the terre-tenant should be given notice of the revival proceeding and an opportunity to defend within the time limits prescribed by the statutes. There is no difference in substance whether the terre-tenant's name be added to the writ and service thereupon made upon him by the sheriff before the return day of the writ or whether the terre-tenant be summoned in an alias scire facias sued out within the five-year limitation.[3] In either case the terre-tenant would not only be served but would be brought in as a party defendant (see *First National Bank and Trust Co. v. Miller,* supra, 322 Pa. 473, 475, 186 A. 87), with equal opportunity to plead his defense. It follows that the appellant in the present case was properly made a party to the first revival, and that the lien continued against the land of the terre-tenant.

The first scire facias issued to revive the original judgment was therefore effective to continue the lien against the terre-tenant's property. The writs of scire facias issued and the judgments procured in the two subsequent proceedings were admittedly within the time prescribed by the statutes, and they were otherwise regular. As the first writ was effective to continue the lien of plaintiff's judgment against appellant's land, the court below in banc properly allowed the entry of judgment on the third scire facias.

The judgment of the court below is affirmed.

---

[3] The Act of July 3, 1947, P. L. 1234, in section 3(a), 12 PS §879(a), makes reference to the terre-tenant who "is made a party to the scire facias proceedings, . . ."