## Kane Federal Saving & Loan Assn. v. Davenport

*David W. Swanson,* for exceptant.
*Lawrence Woods,* contra.

WOLFE, P. J., January 18, 1971.—Before the court for disposition are the exceptions of Gold Standard National Bank (hereinafter called "exceptant") to the sheriff's proposed schedule of distribution following his sale on a writ of execution against defendant on August 18, 1970, pursuant to an action of mortgage foreclosure by the first mortgagee, Kane Federal Savings and Loan Association.

Following is the judgment docket entry after payment of the first mortgagee:

| Plaintiff | Defendant | Amount | Entry Date |
|---|---|---|---|
| T. Carl Lucas | Joan Davenport Berger and Harvey Berger | $262.15 | 4/3/68 |
| Mellon Bank to use of Harvey C. Berger | Joan Davenport Berger & Harvey Berger | 3,433.68 | 10/31/68 |
| Citizens Loan Corp. | Joan Berger | 600.00 | 2/20/69 |
| Gold Standard National Bank | Joan Berger | 1,180.00 | 7/17/69 |
| Gold Standard National Bank | Joan Berger | 600.00 | 7/17/69 |
| Gold Standard National Bank | Joan Berger | 100.00 | 7/17/69 |

Exceptant seeks priority of payment on its judgments totaling $1,880 out of the sale proceeds before any distribution is made to T. Carl Lucas in the amount of $262.15, whose judgment was entered prior to exceptant's and also seeks priority before any distribution to the Mellon National Bank and Trust Company, now to the use of Harvey C. Berger in the amount of $3,433.68 secured by judgment entered prior to exceptant's. If the exceptant is unsuccessful, there are insufficient funds to reach its liens.

Exceptant pleads and its evidence establishes that Harvey C. Berger and defendant were married on May 1, 1965. Exceptant made three successive loans to defendant, to-wit, September 30, 1966, in the amount of $1,180, January 21, 1969, in the amount of $600, and February 27, 1969, in the amount of $100. Exceptant did not confess judgment on the three respective notes until July 17, 1969. As noted, the Lucas judgment was entered of record on April 3, 1968, incurred by reason of a default in an action of assumpsit against defendant and her then husband, Harvey Berger, and the latter's judgment was entered, as noted, on October 31, 1968.

Subsequent to the marriage between defendant and Berger, defendant remodeled a restaurant titled in her name alone. The indebtedness to Lucas and Mellon National Bank was incurred by reason of the remodeling of this restaurant. Subsequent to the remodeling, to-wit, September 2, 1965, defendant transferred the restaurant property to herself and her husband as tenants by the entireties.

On September 10, 1968, defendant and her husband, Harvey C. Berger, were divorced. Following the divorce, on October 23, 1968, the Mellon National Bank assigned the original note under date of August 6, 1965, incurred by defendant and Harvey C. Berger

as then husband and wife to Harvey C. Berger alone. The notary acknowledging the signature of the bank is dated July 3, 1968, prior to the divorce; however, irrespective of which is the correct date of actual assignment, whether it be October 23, 1968, or July 3, 1968, cannot, in this court's opinion, alter the conclusion.

Exceptant argues that the Lucas judgment is an in-indebtedness owed by Berger and, consequently, any distribution of the sale proceeds to Berger would advance his position at the expense of subsequent bona fide creditors, namely, exceptant. Similarly, exceptant argues that the assignment to Berger of the Mellon note favors Berger to the detriment of exceptant because:

1. Berger had not proved that he was a surety for his wife on the Mellon note.

2. Berger is not entitled to subrogation in this action.

3. In the alternative, Berger is at most entitled to subrogate to one-half of the note pay off, after divorce.

4. Exceptant is subrogated to the rights of defendant to have Berger pay off one-half the Lucas judgment.

The testimony established, and it was not disputed, that exceptant had advanced its loans to defendant individually and at a time when it knew defendant was married and did so because it looked to its security from other realty than was executed upon titled in defendant's name alone as contrasted to the remodeled restaurant property.

No explanation was given by exceptant why it failed to enter its judgment notes of record at the time the moneys were advanced to defendant, which, if done, would have made exceptant's lien superior to the Lucas and Berger liens as to the advance made September 30, 1966, in the amount of $1,180.

Exceptant further argues that the Berger claim is based upon an assignment of an obligation in which he and defendant were, at the time of execution, husband and wife, and, consequently, Berger may not maintain an action against his wife subsequent to the divorce on an obligation incurred by them jointly during coverture and, in the alternative, if Berger is permitted such an action following divorce, the extent of his recovery, in the nature of contributions, is limited to one-half of the jointly incurred indebtedness. If this court were considering the rights and obligations as between defendant and her ex-husband concerning the disposition of her solely owned property and that which was conveyed to them jointly following marriage whether as title owner or surety for the Mellon note and for the parties' obligation on the remodeling contract that gave rise to the Lucas judgment, the exceptant would, in the court's opinion, be on solid ground in its arguments. However, the rights inter se between defendant and Berger are not the issue in this case. In the court's opinion the rights between husband and wife following divorce on obligations incurred during coverture cannot alter the lien positions of the respective parties in this case. It must be remembered that we are here dealing with the rights of third parties. We think this case is controlled by what was said in Philadelphia National Bank v. Taylor, 421 Pa. 35 (1966), wherein the court resolved the question of priority following a sheriff's proposed schedule of distribution of funds. Here, the court held that the law of liens on real estate in Pennsylvania is controlled by the judgment lien law, Act of July 3, 1947, P. L. 1234, 12 PS §877:

"The rule that judgment creditors' order of priority is determined by the date of their entering judgment is subject to the limitation that the senior judgment

may not have lapsed or failed of revival within five years of the date it was entered: First National Bank & Trust Co. v. Miller et al., 322 Pa. 473, 186 A. 87 (1936)."

Further, there is nothing in the facts of this case that should take it outside the "lien priority law," June 28, 1951, P. L. 927, 68 PS §601. This court can find no evidence to support exceptant's position that the court should rearrange the judgment lien docket in order to place exceptant's judgments superior to the Mellon assignment to Berger or to the Lucas judgment. If Berger is receiving a windfall, it may be at the expense of his ex-wife, since the mortgage foreclosure was against the property titled in her name alone, but whatever equity may exist between these two can have no legal efficacy on exceptant's lien position. If the court could remake the history of every loan made, follow its proposed use as between the debtors and delve into the marital difficulties of creditors as to their rights, inter se, no lienholder could ever feel secure that his lien would not be relegated to a junior position. Although exceptant forcefully argues the court should balance the equities between the ex-Mr. and Mrs. Berger to salvage the exceptant, this the court cannot do in the absence of allegations and evidence of fraud committed upon exceptant by defendant or Berger or both. Nowhere in the record is there any evidence that there was a collusion between defendant and her exhusband to defraud exceptant, consequently the court concludes that the exceptions must be dismissed.

## ORDER

And now, to-wit, this January 18, 1971, the exceptions of Gold Standard National Bank are dismissed. Costs to be paid by exceptant.