# North Pittsburgh Telephone Company v. Klein

*John H. Auld, II,* for plaintiff.
*James A. Ashton,* for defendants.

FORNELLI, *J.,* May 7, 1984—Plaintiff filed a praecipe for a writ of revival of the judgment entered at 1920 D.S.B. 1981 in the amount of $4,479.39. The original judgment was entered in Allegheny County against defendants Morris and Arlene Klein, Charles C. Lavalle and Klein Truck Sales. The current writ of revival seeks to index this judgment against the Allison Leasing Company as a terre tenant.[1]

---

1. A judgment lien is effective by operation of law for five years from the time a terre tenant obtains an interest in real property so encumbered. Simmons v. Simmons, 346 Pa. 52, 29 A.2d 677 (1943) (per curiam); Fidelity and Deposit Co. of Maryland v. Keiper, 165 Pa. Super. 18, 67 A.2d 721 (1949). See generally Ladner on Conveyancing in Pennsylvania, sec. 16.01 (1979). We are somewhat at a loss, therefore, to understand why plaintiff is seeking to revive a judgment against the terre tenant at this time particularly since plaintiff asserts that Allison Leasing Company acquired their interest in certain real property from the judgment debtors Klein in January, 1983. See plaintiff's answer to preliminary objections.

The terre tenant filed preliminary objections to plaintiff's writ of revival in the nature of a demurrer and motion to strike the service allegedly made upon it. We need only address the improper service of process question because the resolution of that issue is that we are without jurisdiction to decide the remaining objections.

Allison Leasing Company requests this court to strike the sheriff's return of service as improper under Pa.R.C.P. 3028, 1009, 1013(b) and 2180. Rule 3028 provides simply that a writ of revival shall be served by the sheriff in the same manner as a summons in assumpsit. Rule 1009(d) directs that service upon corporations conform to Rule 2180.

Rule 2180 mandates, in pertinent part, that the service is effective against a corporation if the sheriff hands an attested or certified copy of the process to a "person for the time being in charge of, and only at, any office or usual place of business of the corporation." Rule 2180(a)(2).

The "person for the time being in charge" cannot be a total stranger temporarily "in charge" of the premises; rather, there must be an adequate relationship to the corporation. See Leasco Computer, Inc. v. H. J. Gongaware & Sons, Inc., 59 Westmoreland L.J. 26 (C. Pl. Pa. 1977); See generally 7 Goodrich Amram 2d sec. 2180(a):7 (1977). Under most circumstances, the person in charge should at least be an employee. A menial employee or one in a subsidiary position may be sufficient if that person is temporarily in charge. See Spatola-Thompson, Inc. v. E.D., Inc., 61 Delaware Cty. Rep. 440 (C. Pl. Pa. 1974).

The sheriff's return of service regarding the Allison Leasing Company states that the writ of revival was handed to "David Klein person in charge." Both plaintiff and defendant terre tenant would have this

court consider facts presented in their briefs to support their respective positions regarding service. We cannot consider any facts submitted in a brief, however, unless verified or otherwise made a part of the record. Erie Indemnity Co. v. Coal Operators Casualty Co., 441 Pa. 261, 265, 272 A.2d 465, 466-67 (1971). The improper service issue must consequently be resolved by an examination of the sheriff's return of service pursuant to Rule 1013 and the applicable case law.

Rule 1013(b) requires that the return of service "set forth the day, hour and place of service, the name of the person to whom a copy of the writ or complaint was handed and any other facts necessary for service." In essence, the defect claimed here is that other facts necessary for determining proper service do not appear on the face of the return. The necessary facts would be those sufficient to indicate whether service upon the corporate terre tenant here satisfies the additional requirements in Rule 2180 regarding persons in charge.

It has long been established that there is no presumption of validity of service of process. Neff v. Tribune Printing Co., 421 Pa. 122, 125, 218 A.2d 756, 757 (1966). Furthermore, "it is essential that the return set forth all of the necessary facts to show proper service." Id. See also Sharp v. Valley Forge Medical Center, 422 Pa. 124, 221 A.2d 185 (1966).

In the absence of fraud, a sheriff's return of service that is full and complete on its face is conclusive and immune from attack by extrinsic evidence. Hollinger v. Hollinger, 416 Pa. 473, 206 A.2d 1 (1965); American Vending Co. v. Brewington, 289 Pa. Super. 25, 432 A.2d 1032 (1981). Conclusiveness is restricted, however, to facts stated in the return of which the sheriff presumptively has person-

al knowledge (e.g., when and where the writ was served). Id.

The return of service here states the following:

Now, September 23, 1983, at 8:10 o'clock p.m., served the within Writ of Revival upon Allison Leasing Company — Terre Tenant at 4929 Wm. Flynn Highway, Allison Park, c/o Edward Klein Trucks and Heavy Equipment by handing to David Klein person in charge a true and attested copy of the original Writ of Revival and making known to him the contents thereof.

This return is defective in several respects. First, it fails to indicate the relationship of David Klein to Allison Leasing Company. This is material in that it could demonstrate some prima facie authority to accept service on the corporation's behalf. The inference on the face of the return is that Edward Klein Trucks is located at 4929 Wm. Flynn Highway and that David Klein shares some familial relationship with a principal of that entity not Allison Leasing. Furthermore, the return establishes no connection or relationship between Edward Klein Trucks and the Allison Leasing Company. It is unclear from the return whether the terre tenant even has an office at the listed address.

While a technical application of the Rules of Civil Procedure is not favored (See Pa.R.C.P. 126), we are constrained by the paucity and ambiguity of the facts present in the return of service to forego exercising jurisdiction over the terre tenant.[2] However,

---

2. We also question the genuineness of the terre tenant's objection in light of its attorney's failure to file a timely brief in support thereof and the attorney's failure to appear for oral argument thereon. Its brief was only filed after this court sua sponte granted an extension of time to do so under penalty of dismissal of its objections. See order of February 6, 1984. This practice is condemned and further, lack of diligence by counsel in this case will not be permitted.

any gain from terre tenant's victory here is illusory. It is somewhat akin to the suppression of an arrest where there is no fruit on the proverbial poisonous tree, since the police simply and immediately re-arrest. Plaintiff here need only perfect service before January, 1988 to continue its judgment lien against the terre tenant for an additional five years. Nonetheless, we enter this

## ORDER

And now, this May 7, 1984, defendant Allison Leasing Company's preliminary objection in the nature of a motion to strike the return of service is sustained.